## MATTER OF RIVERA

### In Deportation Proceedings

### A-23456046

*Decided by Board August 1, 1988*

(1) The grant or denial of a change of venue motion is within the discretion of the immigration judge.

(2) Denial of the respondent's request to change venue from Puerto Rico, the place of his arrest, to New York, the place of his current residence, is upheld where the respondent has not shown how he would be prejudiced by holding the deportation hearing in Puerto Rico, and the Immigration and Naturalization Service could be prejudiced by changing venue, since the only witnesses to his contested unlawful entry were in Puerto Rico.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Jan H. Brown, Esquire
Billet, Becker & Brown
377 Broadway, 8th Floor
New York, New York 10013

ON BEHALF OF SERVICE:
Hans Burgos
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated February 24, 1986, an immigration judge, following an in absentia hearing, found the respondent deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), as an alien who entered the United States without inspection by immigration officers. The respondent was ordered deported to the Dominican Republic. The respondent appealed. The appeal appears to be untimely. However, there is some question as to when the respondent received the immigration judge's decision. Neither the respondent nor the Immigration and Naturalization Service has raised the issue of the timeliness of the appeal. Under these circumstances, we have decided to take the case on certification under 8 C.F.R. § 3.1(c) (1988). The request for

oral argument before the Board is denied and the appeal will be dismissed.

An Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) was issued against the respondent on November 1, 1985. The order stated that the respondent's hearing would be held in Hato Rey, Puerto Rico, at a time to be set. On December 9, 1985, counsel for the respondent sought a change of venue from Puerto Rico to New York City. On December 12, 1985, the respondent was notified that his deportation hearing would be held on February 24, 1986, in San Juan, Puerto Rico. On January 22, 1986, the immigration judge denied the respondent's request for a venue change, stating that venue would not be changed from Puerto Rico "until such time as the respondent's deportability is settled on this record, relief to be sought is specified and good cause for such change of venue is alleged." On February 7, 1986, the respondent's counsel sent a motion to reopen and reconsider to the immigration judge, again requesting a change of venue, and stating why he believed venue should be changed. On February 19, 1986, the immigration judge denied the motion, noting that it was received shortly before the scheduled hearing. The immigration judge further stated that the issue of deportability, which was being disputed, was best adjudicated where the arrest occurred. Neither the respondent nor his counsel appeared for the hearing on February 24, 1986. The immigration judge proceeded with the hearing in absentia pursuant to section 242(b) of the Act, 8 U.S.C. § 1252(b) (1982).[1] The Service submitted a Form I-213 (Record of Deportable Alien) to establish the respondent's deportability. The immigration judge found the respondent deportable based on that evidence.

On appeal, counsel for the respondent argues that the denial of a venue change was a denial of due process and that the immigration judge's refusal to consider his motion to reconsider the denial of the change of venue request was an abuse of discretion. He further asserts that he did not receive the notice of denial until 1 day prior to the scheduled hearing and he did not then have an adequate opportunity to prepare for the hearing.

The respondent was properly notified of the time and date of his deportation hearing. Having received notice of the hearing, the respondent or his counsel was required to attend, or show reasonable

---

[1] Section 242(b) of the Act provides in pertinent part as follows:

If any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend or remain in attendance at such proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present.

cause for the failure to attend. *Matter of Patel,* 19 I&N Dec. 260 (BIA 1985), *aff'd, Patel v. United States INS,* 803 F.2d 804 (5th Cir. 1986); *Matter of Marallag,* 13 I&N Dec. 775 (BIA 1971). The fact that the respondent requested a change of venue did not relieve him of his obligation to appear at the hearing, prepared to go forward with the case. *Matter of Patel, supra.* The respondent could not merely assume that the motion for a venue change would be granted, or would result in a continuance. In this case, moreover, the respondent was already aware that the immigration judge was not inclined to change venue. Unless the immigration judge grants a continuance, for change of venue or other reasons, the alien remains obligated to appear at the appointed date and time. *Matter of Patel, supra.*

We further find no error in the immigration judge's denial of a venue change. The grant or denial of a change of venue motion is within the discretion of the immigration judge. The immigration judge's decision to hold the hearing on deportability in Puerto Rico, where the respondent was arrested, and where the arresting officers would be available to testify, if necessary, was a reasonable one. The respondent has not shown that he was materially prejudiced by holding the hearing on deportability in Puerto Rico rather than New York. On the contrary, it appears in this case that there could have been prejudice to the Service in holding the hearing in New York. The respondent had indicated that he would deny the entry without inspection charge. The only witnesses regarding his entry were in Puerto Rico, and it would have been a considerable burden on the Service to have to transport the witnesses to New York. The respondent cites *La Franca v. INS,* 413 F.2d 686 (2d Cir. 1969), for his contention that the hearing should have been held in New York. However, *La Franca* clearly states that the "better procedure" is generally to place the venue of a case "in the district of the alien's residence *or place of arrest." Id.* at 689 n.9 (emphasis added). The respondent also relies on *Chlomos v. United States Department of Justice, INS,* 516 F.2d 310 (3d Cir. 1975). There, the court stated in a footnote that a hearing in New Jersey, the place of the respondent's permanent residence, rather than in Florida, where he was arrested, "would be appropriate." *Id.* at 312 n.4. However, in *Chlomos,* there was no countervailing Government interest in holding the hearing in Florida. Here, where witnesses as to the disputed unlawful entry are in Puerto Rico, there clearly is. We see no reason to disturb the immigration judge's venue ruling in this case.

The respondent has not contested his deportability on appeal. Having concluded that the immigration judge's handling of this case was reasonable, we find that the appeal should be dismissed.

ORDER: The appeal is dismissed.