**Khosrow CHARKHCHI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73120.
Agency No. A77–993–285.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

R.App. P. 34(a)(2).

Khosrow Charkhchi, Alta Loma, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michelle E. Gorden, Attorney, Daniel E. Goldman, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

### MEMORANDUM**

Khosrow Charkhchi, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal

** This disposition is not appropriate for publication and may not be cited to or by the

of his appeal from an immigration judge's ("IJ") denial of his motion to reopen removal proceedings held in absentia. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. When the BIA reviews the IJ's decision de novo, the court's review is limited to the BIA's decision, except to the extent the BIA expressly adopts the IJ's decision. *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000). We review the denial of a motion to reopen for abuse of discretion. *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

■ The BIA properly concluded that Charkhchi's pending request for a continuance did not constitute an exceptional circumstance for failing to appear at his removal hearing. *See Matter of Rivera*, 1988 WL 235426, 19 I. & N. Dec. 688 (BIA 1988); *cf. Hernandez–Vivas v. INS*, 23 F.3d 1557, 1560 (9th Cir.1994) (holding under lower "reasonable cause" standard that filing a motion for a change of venue did not excuse failure to appear). Accordingly, the BIA's denial of the Charkhchi's motion to reopen was not "arbitrary, irrational or contrary to law." *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002).

Charkhchi's contention that he was denied due process because he was ordered removed in absentia lacks merit. *See Singh–Bhathal v. INS*, 170 F.3d 943, 946–47 (9th Cir.1999) (rejecting petitioner's contention that his in absentia order of removal violates due process because he voluntarily failed to appear).

■ We lack jurisdiction to consider Charkhchi's contentions that the IJ abused his discretion in denying his request for a continuance, and that the Notice to Appear was inadequate because it was not in his

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

native language, as Charkhchi failed to raise these claims before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004) (noting that exhaustion is mandatory and jurisdictional).

Charkhchi's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**