[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-10151
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-80087-CR-JCP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYLENA BRITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 26,  2006)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BLACK, CARNES and HULL, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). We previously affirmed Britt's sentence. *United States v. Britt*, 388 F.3d 1369 (11th Cir. 2004). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker.*

In her initial brief on direct appeal, Britt did not assert error based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), or any other case extending or applying the *Apprendi* principle. In her reply brief, Britt asserted for the first time that the application of a U.S.S.G. § 3B1.3 enhancement for an abuse of a position of trust was unconstitutional under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). Because Britt did not raise the *Blakely* argument in her initial brief, the Government filed a motion to strike the issue from the reply brief. We granted the Government's motion. Alternatively, Britt requested leave to file a supplemental brief addressing *Blakely*. We denied Britt's motion to file a supplemental brief. After we affirmed Britt's sentence, Britt filed a petition for rehearing in which she once again argued that her sentence violated *Apprendi*, *Blakely*, and the Fifth and Sixth Amendments of the Constitution. We denied her petition for rehearing.

In *United States v. Levy*, 416 F.3d 1273, 1275-76 (11th Cir.), *cert. denied*, 126 S. Ct. 643 (2005), we summarized our prudential rule of declining to consider issues not timely raised in a party's initial brief.

> Parties must submit all issues on appeal in their initial briefs. When new authority arises after a brief is filed, this circuit permits parties to submit supplemental authority on "*intervening* decisions or *new* developments" regarding issues already properly raised in the initial briefs. Also, parties can seek permission of the court to file supplemental briefs on this new authority. But parties cannot properly raise new issues at supplemental briefing, even if the issues arise based on the intervening decisions or new developments cited in the supplemental authority.

*Id.* (quoting *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000)). We expressly stated that we decline "to consider issues raised for the first time in an appellant's reply brief," and that we "repeatedly ha[ve] denied motions to file supplemental briefs that seek to raise new issues not covered in an appellant's initial brief on appeal." *Id.* at 1276 n.3 (citations omitted).

Because Britt did not assert error based on *Apprendi* (or its progeny) in her initial brief on appeal and raised the issue for the first time in her reply brief, we reinstate our previous opinion in this case and affirm Britt's sentence after our reconsideration in light of *Booker*, pursuant to the Supreme Court's mandate.

OPINION REINSTATED IN PART; AFFIRMED IN PART.