[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13193
Non-Argument Calendar

_____

D. C. Docket No. 06-20498-CR-WMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCOS ANTONIO LIRA FERREIRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 6, 2008)**


Before ANDERSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Marcos Antonio Lira Ferreira appeals his sentence of 24 months' imprisonment, imposed after a jury found him guilty of receiving stolen property, in violation of 18 U.S.C. §§ 2315 and 2. Specifically, Ferreira argues that the district court clearly erred in applying a three-level supervisory-role enhancement, pursuant to U.S.S.G. § 3B1.1(b), because it found that the criminal activity in the instant case was "otherwise extensive" based solely on the number of unknowing participants involved in the offense. Ferreira contends that the number of participants is just one factor for the court to consider and further argues that, based on the totality of the circumstances, the activity was not "otherwise extensive." For the reasons set forth more fully below, we affirm Ferreira's sentence.

We review the district court's application of the Guidelines de novo and its factual findings for clear error. United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005). "A district court's upward adjustment of a defendant's Guidelines offense level . . . under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." United States v. Phillips, 287 F.3d 1053, 1055 (11th Cir. 2002). "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." United States v. Yeager, 331 F.3d 1216, 1226 (11th Cir. 2003).

2

The Sentencing Guidelines provide for an increase in the offense level based on the defendant's role in the offense. U.S.S.G. § 3B1.1. Section 3B1.1(b) outlines two alternative situations in which a defendant's managerial or supervisory role merits a three-level enhancement. "First, enhancement is appropriate where the defendant plays a [managerial or supervisory] role in criminal activity involving five or more participants." United States v. Holland, 22 F.3d 1040, 1045 (11th Cir. 1994) (discussing the application of a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a)). "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense . . . is not a participant." U.S.S.G. § 3B1.1, comment. (n.1). Second, "even where the activity involves less than five participants, a section 3B1.1[(b)] adjustment nonetheless will apply where the defendant plays a [managerial or supervisory] role and the operation is 'otherwise extensive.'" Holland, 22 F.3d at 1045. Thus, application of § 3B1.1(b) requires showing both an extensive operation and "the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership." United States v. Yates, 990 F.2d 1179, 1182 (11th Cir. 1993) (quotation omitted). We have held that there are a number of factors to consider in assessing whether an organization is "otherwise

extensive," "including the length and scope of the criminal activity as well as the number of persons involved." Holland, 22 F.3d at 1046 (citation omitted). "[A]ll persons involved during the course of the entire offense are to be considered. Thus, a fraud that involved only three participants but used the unknowing services of many outsiders could be considered extensive." U.S.S.G. § 3B1.1, comment. (n.3).

In the instant case, the testimony at trial indicated that Ferreira played a managerial or supervisory role in an operation that was "otherwise extensive," because he exerted a degree of control and influence with respect to the fraudulent purchase, shipment, and distribution of the merchandise at issue. See Yates, 990 F.2d at 1182. In particular, the testimony demonstrated, inter alia, that: (1) Ferreira, using the alias Carlos Alvarez, supervised Andre Alessandri, Rafael Casco, and David Heller, who recovered shipments of stolen property that were delivered to various addresses in South Florida; (2) Ferreira oversaw the purchase of computer equipment, video recording equipment, and computer software using stolen credit card numbers, and then directed the shipment of the merchandise to various addresses; (3) Alessandri recruited a confidential informant ("CI") to accept delivery of these packages and, at his request, the CI recruited several unwitting participants also to accept delivery of the packages; and (4) Ferreira

4

"fired" Alessandri and began to work directly with the CI, who, at his instruction, provided him with shipping addresses and agreed to find a storage facility for the packages. While the actual value of stolen merchandise shipped during the course of the scheme totaled over $60,000, the scheme also involved the initiation of additional fraudulent credit card transactions in excess of $290,000. In light of this evidence, the government met its burden to show that Ferreira exercised a managerial or supervisory role over criminal activity that was "otherwise extensive." Thus, the district court did not clearly err in imposing this enhancement.

As to Ferreira's argument that the district court placed undue weight on the number of unwitting individuals in determining that the criminal activity was "otherwise extensive," although our holding in Holland indicates that there are several factors the district court may consider in making such a determination, it does not require the district court to consider each of the factors. See Holland, 22 F.3d at 1046. Moreover, as discussed above, there is ample evidence in the record to support the district court's application of the three-level enhancement based on Ferreira's role in criminal activity that was "otherwise extensive." We may affirm the district court on any ground that is supported by the record. United States v. Simmons, 368 F.3d 1335, 1342 (11th Cir. 2004) (citation omitted). Further, to the

extent that Ferreira argues in his reply brief that the district court failed to make specific factual findings, this argument is raised for the first time in his reply brief and, thus, we do not consider it. See United States v. Britt, 437 F.3d 1103, 1104-05 (11th Cir. 2006) (declining "to consider issues raised for the first time in an appellant's reply brief").

In light of the foregoing, Ferreira's sentence is

**AFFIRMED.**