[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13052
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20894-JLK-2


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

DEMETRIUS BAIN,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 18, 2016)


Before WILSON, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Demetrius Bain appeals his 420-month total sentence for two counts of carjacking and one count of brandishing a firearm in furtherance of a crime of violence.[*]  Bain argues that his total sentence is unreasonable because it does not promote the mandated goal of avoiding disparate sentences for similarly situated defendants, as required by 18 U.S.C. § 3553(a).  He also argues that his total sentence is unreasonable because the court relied on factors that were already taken into consideration by the Sentencing Guidelines.

Review in this kind of case is deferential.  We review the reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).  We first ensure that the district court made no significant procedural error, then examine whether the sentence is substantively reasonable in the light of the totality of the circumstances.  *Id*. at 51, 128 S. Ct. at 591.  The party challenging the sentence bears the burden to show that the sentence is unreasonable in the light of the record and of the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  Arguments raised for the first time in a party's reply brief are waived.  *See United States v. Britt*, 437 F.3d 1103, 1104 (11th Cir. 2006).

---

[*] We choose not to rely on the debatable appeal waiver in this case.

2

Abuse of discretion might be shown when the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016).  The weight given to any specific § 3553(a) factor, however, is left to the district court's sound discretion.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

Attaching "great weight to one factor over others" is not by itself an abuse of discretion.  *See United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013). Disparity between sentences imposed on codefendants is generally no appropriate basis for relief on appeal.  *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001).  We will vacate the sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Osorio-Moreno*, 814 F.3d at 1287.

"Double counting a factor during sentencing is permitted if the Sentencing Commission… intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing." *United States v. Dudley*, 463 F.3d 1221, 1227 (11th Cir. 2006) (quotation omitted).  "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a

defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *Id.* at 1226-27. Apart from the advisory guidelines, the § 3553(a) factors are mandatory statutory considerations; the court is to contemplate the factors in ensuring that "a sentence [is] sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). While some of the factors are reflected in the guidelines, they are -- in this § 3553(a) context -- still distinct from the guidelines and may be used to tailor the sentence. *See* 18 U.S.C. § 3553(a)(2); *United States v. Booker*, 543 U.S. 220, 245, 125 S. Ct. 738, 757, 160 L. Ed. 2d 621 (2005). This approach is not impermissible double counting.

Upon review of the record and consideration of the parties' briefs, we affirm.

Bain's 420-month total sentence is reasonable. First, Bain waived his argument that the government failed to follow the appropriate procedure in exceeding the guideline range; he improperly raised that argument for the first time in his reply brief. *See Britt*, 437 F.3d at 1104.

Second, Bain's disparity argument fails because disparity alone is no appropriate basis for appeal. *See Regueiro*, 240 F.3d at 1325-26. Even if disparity alone were an appropriate basis for relief, the record from Bain's sentencing hearing shows clearly that the court considered the disparity issue, but attached

4

greater weight to the seriousness of Bain's offenses and criminal history. The court acted within its discretion when it applied different weight to different § 3553(a) factors, and Bain has therefore failed to establish unreasonableness on this basis. *See Overstreet*, 713 F.3d at 638; *see also Clay*, 483 F.3d at 743.

Third, the court did not engage in impermissible double counting when it relied on factors already considered by the sentencing guidelines, which are advisory only. The court determined that the facts underlying Bain's convictions were "terrifying," "horrible," and "traumatic," and that his criminal history was "extensive." Although the nature of Bain's crimes and his criminal history were considered in calculating his advisory guideline range, these circumstances are conceptually separate from applying the § 3553(a) factors. *See* 18 U.S.C. 3553(a). The court concluded that the recommendation in the PSI was insufficient to reflect the seriousness of the defendant's conduct; the court was permitted to use the § 3553(a) factors to tailor the ultimate total sentence. *See Booker*, 543 U.S. at 245, 125 S. Ct. at 757. The decision to rely on factors already, to some degree, considered in the PSI was therefore not unlawful or unreasonable, because the court is permitted to sentence beyond the Guidelines in its discretion when the sentence is reasonable. Accordingly, we affirm the total sentence as reasonable.

**AFFIRMED.**

5