[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10914
Non-Argument Calendar

_____

Agency No. A200-133-609

SARA FRANCISCA MOLINA-GUILLEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 19, 2019)

Before TJOFLAT, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Sara Molina-Guillen, pro se, seeks review of a Board of Immigration Appeals ("BIA") decision denying her motion to reopen alien removal proceedings.  Molina-Guillen contends, among other things, that the BIA abused its discretion in denying her motion as barred by the applicable time and number limitations for such motions.  Upon review of the record and the parties' briefs, we dismiss the petition in part and deny it in part.

I.

Molina-Guillen, a native and citizen of El Salvador, entered this country illegally on November 30, 2005.  She was arrested, and in an interview with border patrol agents, she confessed to entering the United States without being admitted, inspected, or paroled into this country by immigration officials.  She was personally served with a Notice to Appear ("NTA"), which charged her as subject to removal and directed her to appear in Atlanta before an immigration judge at a date and time "to be set."  The NTA informed Molina-Guillen that if she did not attend her hearing, the immigration judge could issue a removal order in her absence.  Molina-Guillen provided an address in Tifton, Georgia where she could be contacted regarding her removal proceedings, and after being reminded orally— in Spanish—of the consequences of the failure to appear, she was released.

On March 3, 2006, a Notice of Hearing ("NOH") was mailed to Molina-Guillen at the Georgia address she had provided for that purpose, informing her that a master hearing in her removal proceedings had been scheduled to take place in Atlanta on July 27, 2006.  On June 26, 2006, Molina-Guillen filed a motion for change of venue to New York City and a change-of-address form providing a new address in Jamaica, New York.  In her motion, Molina-Guillen stated that she had moved to New York "a few days" earlier due to family matters.  The motion for change of venue was denied on July 19, 2006.

Molina-Guillen did not appear at the master calendar hearing on July 27, 2006.  The immigration judge ("IJ") conducted the hearing and issued a removal order in her absence, finding that Molina-Guillen was given notice of the time, date, and location of the hearing, and that evidence submitted by the government established Molina-Guillen's removability.[1]  The removal order indicates that copies of the order were sent to the government and to Molina-Guillen.

Molina-Guillen was rearrested in November 2013.  Two months later, she married a lawful permanent resident, and in December 2014, she filed her first

---

[1] An alien subject to removal who fails to appear at a hearing in her removal proceedings "shall be ordered removed in absentia" if the government "establishes by clear, unequivocal, and convincing evidence" that the alien is removable and that written § 1229(a) notice of the proceeding was sent to the most recent address provided by the alien.  8 U.S.C. § 1229a(b)(5)(A).  The government's obligation to provide notice of the removal proceeding is satisfied by mailing notice to the alien's last-known address.  *See Dominguez v. U.S. Att'y Gen.*, 284 F.3d 1258, 1260 (11th Cir. 2002).

3

motion to reopen the removal proceedings.  The immigration judge ("IJ") denied

the motion and the BIA dismissed her appeal, affirming the IJ's finding that the

motion was untimely and that Molina-Guillen had not shown exceptional

circumstances sufficient to excuse her failure to appear at the master hearing.

In October 2017, Molina-Guillen filed a second motion to reopen

proceedings with the BIA, arguing that she was prevented from attending the

master hearing in Atlanta by the IJ's unexpected denial of her motion to change

venue and failure to serve her with that denial.  She also alleged that the IJ failed to

serve her with the removal order, thereby denying her the opportunity to timely

appeal the order to the BIA.  With the second motion to reopen, Molina-Guillen

filed an affidavit in which she explained that she had hired a consultant in New

York who had confirmed the date of the hearing and then filed a motion to transfer

venue on her behalf.  According to the affidavit, the consultant told her that she

would receive correspondence from the immigration court confirming the transfer

of the removal proceedings to New York and setting a new hearing date.  She did

not receive anything from the immigration court, however, and when she tried to

locate the consultant in August 2006, she discovered that he had vacated the office,

taking all of her immigration paperwork.

The BIA denied the second motion to reopen, finding that it was time- and number-barred and that Molina-Guillen had not shown that she qualified for any exception to the time and number limits.  This appeal followed.

## II.

On appeal, Molina-Guillen argues that (1) the IJ violated her substantive and procedural due process rights by failing to explain his reasons for denying her motion to change venue and by failing to ensure that she was served with the denial of that motion and with the removal order; (2) the agency's continued delay in ruling on a separate petition for alien relative filed by her husband is a violation of her constitutional rights; and (3) the BIA erred in denying her second motion to reopen without applying equitable tolling.[2]  We lack jurisdiction to consider the first two claims, and we reject the last one.

## A.

This Court's jurisdiction to review immigration removal proceedings is limited by statute to review of final orders of removal and, by implication, orders denying motions to reopen such final orders.  8 U.S.C. § 1252(b)(9); *Patel v. U.S.*

---

[2] Molina-Guillen also claims—for the first time—that she never received the March 2006 Notice of Hearing because it was improperly addressed.  The NOH in fact bears Molina-Guillen's correct full street address in Tifton but has an extraneous numeral "2" before her name.  Given that Molina-Guillen admitted in previous agency pleadings (filed by the same attorney) that the NOH was mailed to her address in Tifton *and* that she received it in March 2006 (Admin R. at 14, 143, 199), this argument is disingenuous at best.  In any event, this Court lacks jurisdiction to consider that claim because it was never presented to the BIA.

*Att'y Gen.*, 334 F.3d 1259, 1261 (11th Cir. 2003).  Our jurisdiction is further limited to claims for which "the alien has exhausted all administrative remedies available to the alien as of right" by raising the claims before the BIA.  8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  Claims that are subject to resolution by the immigration courts—such as a claim that the IJ erred in ruling on a motion—require exhaustion even if they are framed in constitutional terms.  *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867–68 (11th Cir. 2018).

To invoke this Court's jurisdiction, an alien must file a petition for review within 30 days of the BIA's final order of removal or denial of a motion to reopen. 8 U.S.C. § 1252(b)(1); *Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012).  This statutory time limit "is mandatory and jurisdictional"; accordingly, when reviewing the BIA's denial of a motion to reopen, this Court cannot consider challenges to earlier orders, including the order of removal or denials of previous motions to reopen, if the petition for review was filed more than 30 days after the earlier decisions.  *Chao Lin*, 677 F.3d at 1045; *see Bing Quan Lin*, 881 F.3d at 867, 870.

Given these jurisdictional limitations, we do not consider Molina-Guillen's claims regarding the IJ's denial of her motion to change venue, the order of removal, or the denial of her first motion to reopen, all of which are far outside the

6

jurisdictional time frame covered by her March 2018 petition for review. We also lack jurisdiction to review Molina-Guillen's claim that her husband's I-130 petition for alien relative has been unreasonably delayed, both because the I-130 petition is not related to the order under review and because that claim was not presented to the BIA. In short, our review is limited to the BIA's February 2018 denial of Molina-Guillen's second motion to reopen, and more specifically, to the BIA's determination that the motion was untimely and barred by the applicable number limit.

## B.

This Court reviews the denial of a motion to reopen removal proceedings for an abuse of discretion, reviewing only the BIA decision and any findings by the IJ that are adopted or incorporated into the BIA decision. *Bing Quan Lin*, 881 F.3d at 872; *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). "Motions to reopen in removal proceedings are particularly disfavored," and appellate review of such motions "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).

An alien may file one—and only one—motion to reopen removal proceedings, whether before the immigration court or the BIA. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2); *Jiang*, 568 F.3d at 1256. Where the

order of removal was entered in the alien's absence following a properly-noticed removal hearing, any motion to reopen must be filed within 180 days of the final removal order.  8 U.S.C. § 1229a(b)(5)(C)(i).  To succeed on such a motion, the alien must demonstrate that her failure to appear was due to "exceptional circumstances."  *Id.*  Exceptional circumstances are circumstances beyond the alien's control such as "battery or extreme cruelty to the alien" or an immediate family member, "serious illness of the alien" or an immediate family member, or death of an immediate family member, "but not including less compelling circumstances."  8 U.S.C. § 1229a(e)(1).

There is no question that, unless equitably tolled, these time and number limitations barred Molina-Guillen's second motion to reopen. [3]  To justify equitable tolling, Molina-Guillen must show that (1) she pursued her rights diligently, and (2) "some extraordinary circumstance stood in [her] way."  *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1363 n.5 (11th Cir. 2013).  In the context of a motion to reopen removal proceedings, there is no significant difference between the "extraordinary" circumstances required to justify equitable tolling and "exceptional circumstances" as defined by 8 U.S.C. § 1229a(e)(1).  *Id.*

---

[3] The filing deadline for motions to reopen is subject to equitable tolling.  *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362 n.4, 1364 (11th Cir. 2013).  We have suggested that the "one-motion rule" is also subject to equitable tolling, *see Ruiz-Turcios v. U.S. Atty. Gen.*, 717 F.3d 847, 850 (11th Cir. 2013), but because Molina-Guillen has not made the required showing, we need not definitively answer that question here.

Molina-Guillen has not made the required showing on either prong of this test. Merely filing a motion to change venue, without more, does not constitute diligence. Molina-Guillen made no effort before the hearing to find out whether the IJ had ruled on her motion. And in August 2006, when she could not locate the individual who filed the motion to change venue on her behalf, she made no further effort to find out whether her motion had been granted or whether—as she admittedly knew was possible—the removal hearing had been held as scheduled in her absence. Instead, she did nothing until after she was arrested for a second time more than seven years later, only then seeking relief from the removal order.

Molina-Guillen claims that she was prevented from attending the removal hearing because the IJ failed to notify her when he denied her motion to change venue. But Molina-Guillen knew the date and location of the hearing, and she had been warned that if she failed to appear, a removal order could be entered in her absence. Simply filing a motion neither relieved her of the obligation to appear, nor prevented her from following up with the immigration court if she did not receive a ruling before the hearing date. *See Matter of Rivera*, 19 I. & N. Dec. 688, 690 (BIA 1988) ("Unless the immigration judge grants a continuance, for change of venue or other reasons, the alien remains obligated to appear at the appointed date and time.").

Molina-Guillen also claims that the IJ failed to serve her with the removal order—despite the contrary notation on the order—and that she was prevented from filing a timely motion to reopen as a result. Again, Molina-Guillen was aware of the hearing date and the possibility that a removal order could be issued on that date. The IJ's alleged failure to properly serve the order, even if true, did not prevent Molina-Guillen from contacting the immigration court to inquire about the outcome of her hearing well before the 180-day deadline to file a motion to reopen. Thus, Molina-Guillen has not shown the kind of exceptional or extraordinary circumstances that would warrant equitable tolling.

C.

In her reply brief, Molina-Guillen relies on *Pereira v. Sessions*, ___ U.S. ___, 138 S. Ct. 2105 (2018), to argue that she never received § 1229(a) notice of the removal hearing because the notice to appear that was personally served on her at the time of her initial arrest in 2006 did not include the date and time of the hearing.[4] Although Molina-Guillen made a somewhat similar argument before the BIA, she abandoned that argument in this Court by not raising the issue in her opening brief. *See United States v. Britt*, 437 F.3d 1103, 1104 (11th Cir. 2006); *see also United States v. Durham*, 795 F.3d 1329, 1331 (11th Cir. 2015) (permitting

---

[4] An alien subject to a removal order entered in her absence may move to reopen "at any time" if she can show that she did not receive written notice to appear in accordance with § 1229(a). 8 U.S.C § 1229a(b)(5)(C)(ii).

10

parties to request leave to file a supplemental brief based on an intervening Supreme Court decision only if the decision overruled binding precedent that foreclosed the issue when appellant's initial brief was filed).

The argument fails in any event.  In *Pereira*, as here, the alien was served with a notice to appear containing all of the information required by § 1229(a)(1) except the date and time of the removal hearing.  138 S. Ct. at 2112; *see* 8 U.S.C. § 1229(a)(1)(A)–(F).  But unlike Molina-Guillen, the alien in *Pereira* did not receive a supplemental notice supplying the missing information.  The question in *Pereira* was whether the incomplete notice, without more, constituted a "notice to appear" within the meaning of 8 U.S.C. § 1229(a)(1) for purposes of triggering the "stop-time rule" in § 1229b(d)(1)(A).  The Court held that it did not.  138 S. Ct. at 2110, 2113–16.

Here, on the other hand, the March 2006 Notice of Hearing, which contained the date and time of the removal hearing, was served on Molina-Guillen at her then-current address in Tifton, Georgia—and Molina-Guillen has admitted that she received it—four months before the hearing.  Together, the December 2005 Notice to Appear and the March 2006 Notice of Hearing fulfilled the notice requirements in § 1229(a)(1).  Thus, the IJ was authorized to enter the removal order in Molina-Guillen's absence when she failed to appear at the hearing, *see* 8 U.S.C.

§ 1229a(b)(5)(A), and entry of the removal order triggered the statutory time limitation for filing a motion to reopen the removal proceedings.

The BIA's determination that Molina-Guillen's second motion to reopen was time-barred and exceeded the applicable number limit was not arbitrary or capricious.  And as discussed above, we lack jurisdiction to consider Molina-Guillen's remaining claims.  Accordingly, we deny the petition in part and dismiss it in part.

**PETITION DENIED IN PART AND DISMISSED IN PART.**