[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10176
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20299-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 9, 2019)

Before ED CARNES, Chief Judge, WILSON, and HULL, Circuit Judges.

PER CURIAM:

Richard Johnson was convicted of conspiracy to possess with intent to distribute a controlled substance within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(2), 846, and 860(a); possession with intent to distribute a controlled substance within 1,000 feet of a school, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(2), and 860(a); and maintaining a premises within 1,000 feet of a school for the purpose of distributing a controlled substance, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 856(a)(1) and 860(a).  He argues that the district court erred when it denied his motion to suppress evidence because: (1) his arrest was not based on probable cause; (2) the police improperly searched his home before obtaining a warrant; and (3) the search warrant that was later issued was invalid because it was based on intentional and reckless misrepresentations and omissions of facts, which required a Franks hearing.  He also argues that his sentence is procedurally and substantively unreasonable.

I.

Detective Onassis Perdomo surveilled Johnson's home throughout December 2016 and January 2017 after receiving an anonymous tip that narcotics were being sold at Johnson's address.  On multiple occasions Perdomo observed different individuals make quick hand-to-hand transactions with Johnson through his front door or bedroom window.  Perdomo testified that he had seen this type of

2

transaction "thousands of times" but could not see exactly what was being exchanged.

On January 11 and January 17, 2017, Perdomo directed controlled drug buys with a confidential informant (CI). On both of those occasions Perdomo observed the CI make a hand-to-hand transaction with Johnson, retrieved drugs from the CI, and performed testing that indicated that the drugs were cocaine.

On January 19 Perdomo surveilled the house with Detectives Anibal Wagner and Juan Gonzalez. He saw Johnson exit his front door and give a paper bag to a young girl. When Wagner and Gonzalez approached Johnson he yelled "they're jumping, they're jumping." Wagner knew that this was a slang term used to indicate the presence of plainclothes officers and believed Johnson was trying to alert someone inside the house. He approached the bedroom window next to Johnson's front door and saw what appeared to be a firearm and several small baggies filled with cocaine. Wagner approached the open front door and yelled, "Police, come out with your hands up." Wagner saw a man later identified as Ricardo Jackson walk past the front door with his back toward Wagner. He ordered Jackson to stop and put his hands up, but Jackson did not comply. Wagner detained Jackson and conducted a protective sweep of the house. Meanwhile Gonzalez arrested Johnson and discovered that the paper bag he had handed to the girl contained only perfume. Gonzalez searched Johnson and found two Altoid

3

tins containing several bags of cocaine.  Perdomo then obtained a search warrant and found additional narcotics and drug paraphernalia inside the house.

Before trial Johnson moved to suppress evidence seized from his person and his residence.  He argued that a Franks hearing was necessary because the warrant application contained misleading information.  But he did not challenge the existence of probable cause for his arrest or the protective sweep of his home conducted before the issuance of the search warrant.  Johnson also filed a motion to compel the disclosure of the CI's identity.  The district court conducted an in camera hearing with the CI.  After speaking with the CI ex parte at the hearing, the court concluded that there was no need for a Franks hearing and denied both of Johnson's motions.  Johnson was then convicted after a two-day trial.

The Presentence Investigation Report set Johnson's base offense level at 20. The PSR documented an extensive criminal history including 30 criminal charges and over a dozen convictions from 1981 through 2017.  But only one conviction was scored in calculating Johnson's criminal history category of II.  The resulting guidelines range was 37 to 46 months.  The district court determined that an upward variance was appropriate due to Johnson's extensive unscored criminal history and the need to provide adequate deterrence and protect the public from future crimes that Johnson might commit.  The court also emphasized the proximity of the transactions to a local elementary school.  After considering the

statements of both parties, the advisory guidelines range, and the 18 U.S.C.

§ 3553(a) factors, the court sentenced Johnson to three concurrent 15-year

sentences.

II.

Johnson first contends that the district court abused its discretion in failing to

suppress evidence because his arrest was not supported by probable cause.

Johnson did not assert below that his arrest was not supported by probable cause,

but moved to suppress evidence based solely on alleged deficiencies in the search

warrant Perdomo executed.  Because this argument is raised for the first time on

appeal, we review it for plain error.  See United States v. Johnson, 777 F.3d 1270,

1277 (11th Cir. 2015).  Under plain-error review, we may reverse the district court

where (1) an error occurred; (2) the error is plain; (3) the error affects substantial

rights; and (4) the error seriously affects the integrity of a judicial proceeding.

United States v. Schultz, 565 F.3d 1353, 1356–57 (11th Cir. 2009) (per curiam).

"An error is not plain unless it is contrary to explicit statutory provisions or to

on-point precedent in this Court or the Supreme Court."  Id. at 1357.

"For probable cause to exist, . . . an arrest must be objectively reasonable

based on the totality of the circumstances."  United States v. Street, 472 F.3d 1298,

1305 (11th Cir. 2006) (quotation marks omitted).  "This standard is met when the

facts and circumstances within the officer's knowledge, of which he or she has

5

reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed . . . an offense." Id. (quotation marks omitted). An uncorroborated tip is insufficient, standing alone, to establish probable cause. United States v. Rollins, 699 F.2d 530, 533 (11th Cir. 1983). "However, if independent investigation by government agents yields information consistent with and corroborative of the informer's tip, the warrantless arrest is legal." United States v. Worthington, 544 F.2d 1275, 1279 (5th Cir. 1977). "The observation of unusual activity for which there is no legitimate, logical explanation can be the basis for probable cause." United States v. Alexander, 559 F.2d 1339, 1343 (5th Cir. 1977).

The district court did not plainly err in finding that there was probable cause for Johnson's arrest. Perdomo conducted two controlled buys that tested positive for cocaine and observed multiple hand-to-hand transactions outside of Johnson's home before arresting him. Based on this knowledge a reasonable person could have believed that the exchange Perdomo observed prior to Johnson's arrest was a narcotics transaction.

Johnson argues that probable cause did not exist because the paper bag that Perdomo initially believed to contain narcotics in fact contained only perfume and also because the CI was unreliable and could identify Johnson only by a nickname. Neither of these arguments is persuasive. While Perdomo incorrectly suspected

6

that the paper bag contained narcotics, Perdomo had trustworthy information that Johnson had recently sold narcotics outside his home and under these circumstances a prudent person could reasonably believe that Johnson was engaging in another narcotics transaction.

Johnson also argues that Perdomo's controlled buys were not a reliable source of information because the CI could identify Johnson only by a nickname, relying heavily on Wong Sun v. United States, 371 U.S. 471 (1963). In Wong Sun, the Supreme Court held that a tip regarding a suspect's nickname from a confidential informant, whose reliability had not been verified, could not later support probable cause for arrest. Id. at 480–82. The Supreme Court noted that the narcotics agents who acted on the confidential informant's tip had no reason to equate the given nickname with the suspect later apprehended. Id. at 480–81. That is far from the situation here where law enforcement verified that the transaction occurred at Johnson's address before the arrest and where the district court conducted an in camera hearing with the CI to verify his credibility. We "afford substantial deference to the factfinder's credibility determinations" and so cannot conclude that the district court plainly erred in finding that probable cause for Johnson's arrest existed. Lewis, 674 F.3d at 1303.

III.

Johnson next argues that his Fourth Amendment rights were violated when the police conducted a protective sweep of his residence prior to obtaining a search warrant. Because Johnson did not assert below that the protective sweep violated his Fourth Amendment rights we review this claim only for plain error. See Johnson, 777 F.3d at 1274.

Warrantless searches and seizures inside a person's home are presumptively unreasonable. United States v. Franklin, 694 F.3d 1, 7 (11th Cir. 2012). But even without a warrant, officers may conduct a "protective sweep," which "is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others." United States v. Timmann, 741 F.3d 1170, 1181 (11th Cir. 2013) (quotation marks omitted). A protective sweep is reasonable under the Fourth Amendment "when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." Maryland v. Buie, 494 U.S. 325, 337 (1990).

The district court did not plainly err in declining to suppress evidence due to the search of Johnson's home prior to the issuance of the warrant because the police had a reasonable belief that a suspect still inside Johnson's home could pose a danger. Johnson yelled "they're jumping, they're jumping," which would lead a

8

reasonable person under the circumstances to believe he was trying to alert someone inside his home that law enforcement was present. And Wagner saw what appeared to be narcotics and a firearm through the front window,[1] as well as an unidentified person through the front door who refused to comply with his orders. A reasonable and experienced police officer could easily believe under these circumstances that a potentially dangerous suspect was present in the house.

IV.

Johnson next argues that the district court abused its discretion in failing to hold a Franks hearing to determine whether the search warrant for his home was invalid.

We review for abuse of discretion the denial of a Franks hearing. See United States v. Votrobek, 847 F.3d 1335, 1342 (11th Cir. 2017). We "will not overturn a district court's decision that omissions or misrepresentations in a warrant affidavit were not reckless or intentional unless clearly erroneous." Id.

In Franks, the Supreme Court held that the Fourth Amendment requires a district court to hold a hearing when a defendant makes a substantial preliminary showing that: (1) a warrant affiant made intentionally false or recklessly

---

[1] Johnson argues in his reply brief that it was illegal for Wagner to look through his window, but he failed to make this argument in his initial brief so we do not consider it. See United States v. Britt, 437 F.3d 1103, 1104 (11th Cir. 2006) (per curiam).

9

misleading statements (or omissions); and (2) those statements, or omissions, were necessary to the finding of probable cause. Franks v. Delaware, 438 U.S. 154, 155–56 (1978). The defendant must (1) allege deliberate falsehood or reckless disregard for the truth; (2) specifically point to the allegedly false portions of the warrant affidavit; and (3) provide an offer of proof, including sworn affidavits or otherwise reliable witness statements, or satisfactorily explain the absence of such evidence. Id. at 171. If, upon such a showing, the content in the affidavit remains sufficient to support a finding of probable cause, then no hearing is required. Id. at 171–72.

Johnson argues that the warrant affidavit contained recklessly misleading statements because the government omitted alleged inconsistencies involving the controlled buys and failed to mention that Johnson's arrest was triggered by the exchange of a bag containing only perfume. But Johnson has provided only unsupported and conclusory statements regarding the alleged "irregularities" in the controlled buys that Perdomo observed. This falls far short of the "offer of proof" Johnson must produce to show that Perdomo made statements in the warrant affidavit with "reckless disregard for the truth." Id. And Perdomo's omission of the fact that the transaction that triggered the arrest involved only a perfume bottle was not an omission that was necessary to show probable cause, which was

10

established via Perdomo's surveillance of Johnson.  So we cannot say that the district court abused its discretion in failing to hold a Franks hearing.

V.

Lastly, Johnson argues that his sentence was procedurally and substantively unreasonable.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 40 (2007).  We use a two-step process to review a sentence's reasonableness.  Id. at 51.  First, we must confirm that the district court committed no significant procedural error.  Id.  A sentence may be procedurally unreasonable if the sentencing court fails to consider the 18 U.S.C. § 3553(a) factors or fails to adequately explain the sentence.  Id.  But we do not require a district court to state on the record that it has explicitly considered each of the § 3553(a) factors and will consider it sufficient where the district court acknowledges that it considered the defendant's arguments and the § 3553(a) factors.  United States v. Dorman, 488 F.3d 936, 938 (11th Cir.).  The district court must explain its decision to impose a variance from the Guidelines, providing a justification that is "sufficiently compelling to support the degree of variance."  United States v. Irey, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc) (quotation marks omitted).

11

After reviewing for procedural reasonableness, we consider the substantive reasonableness of a sentence. Gall, 552 U.S. at 51. We examine the totality of the circumstances to determine whether the statutory factors in § 3553(a) support the sentence in question. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

The district court's sentence must be "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, and the need to protect the public. 18 U.S.C. § 3553(a)(2). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

Johnson argues that his sentence was procedurally unreasonable because the reasons articulated by the district court to justify its upward variance were "not an adequate explanation for the size of the variance." But the district court was extremely thorough in explaining why it was making the variance. It emphasized Johnson's extensive criminal history and the need to deter Johnson from future criminal conduct; the fact that Johnson's criminal activity occurred in close proximity to an elementary school; and its concern that Johnson was likely to reoffend because of his long criminal history, age, and drug addiction.

Johnson also argues that his sentence was substantively unreasonable because the district court placed too great of an emphasis on these factors and not enough emphasis on mitigating factors such as Johnson's health problems and issues with his family.  But the record clearly shows that the district court thoroughly considered several § 3553(a) factors.  That Johnson disagrees with the weight the court assigned to particular factors is immaterial because this is within the discretion of the court.  Id.  So we cannot say that the district court abused its discretion in varying upward from the Guidelines range.

**AFFIRMED.**