[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12853
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-20069-KMM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ITALO EBARISTO NAPA MOREIRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 14, 2020)

Before NEWSOM, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Italo Ebaristo Napa Moreira appeals his conviction for conspiracy to possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(b).  He raises three arguments on appeal.  First, he asserts that the statute governing his offense, the Maritime Drug Law Enforcement Act ("MDLEA"), is unconstitutional under the Due Process Clause because it does not require the government to prove that the defendant had "minimum contacts" with, and committed an offense that has a "nexus" to, the United States.  Second, he contends that 46 U.S.C. § 70502(d)(1)(B), the provision in the MDLEA governing a federal official's request for a claim of nationality or registry, violates the Fifth Amendment privilege against self-incrimination under *Miranda v. Arizona*, 384 U.S. 436 (1966).  Third, he argues that § 70502(d)(1)(B) is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

We will affirm.

# I

A grand jury indicted Napa Moreira[1] and three co-defendants for conspiracy to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1),

---

[1] Although the district court proceedings referred to the defendant as "Moreira," on appeal defense counsel refers to him as "Napa."  For clarity, we use both names.

2

70506(b) (Count 1), and possession with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2 (Count 2).

Napa Moreira entered into a written plea agreement in which he agreed to plead guilty to Count 1 in return for the government's promise to dismiss Count 2 at sentencing. The stipulated factual proffer provided that the U.S. Coast Guard intercepted a vessel matching the description of a "Low Profile Go-Fast" approximately 386 nautical miles south of Puerto Quetzal, Guatemala, in international waters. After boarding the vessel, the Coast Guard located and seized 46 bales of contraband that tested positive for cocaine and weighed approximately 1,852 kilograms. Napa Moreira was one of four crew members aboard the vessel. The proffer provided that, because neither Napa Moreira nor the other crew members claimed nationality for the vessel when questioned, and the vessel did not have any indicia of nationality, it was subject to the jurisdiction of the United States as a vessel without nationality.

A magistrate judge held a change of plea hearing with the parties' consent. At the hearing, the government read the factual proffer and Napa Moreira pleaded guilty. The magistrate judge entered a report and recommendation, recommending that the district court accept Napa Moreira's plea as to Count 1 and adjudge him guilty.

3

The district court adopted the Report and Recommendation and, accepting Napa Moreira's plea, found him guilty. It sentenced Napa Moreira to 135 months' imprisonment, followed by two years of supervised release, as to Count 1. At the government's request, the court dismissed Count 2.

Napa Moreira appealed.

## II

As an initial matter, plain-error review applies to each of Napa Moreira's three arguments because he failed to challenge the constitutionality of the MDLEA before the district court. While we ordinarily review the constitutionality of the statute of conviction *de novo*, a defendant's claims raised for the first time on appeal are reviewed for plain error. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (applying plain-error review to Commerce Clause challenge). An error is not plain if there is no precedent from this Court or the Supreme Court directly resolving the issue. *United States v. Vereen*, 920 F.3d 1300, 1312 (11th Cir. 2019). Further, "we are bound to follow [our] prior binding precedent unless and until it is overruled by this [C]ourt en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam) (quotation omitted).

## III

Napa Moreira first challenges the constitutionality of the MDLEA under the Due Process Clause. "The Due Process Clause prohibits the exercise of extraterritorial jurisdiction over a defendant when it would be arbitrary or fundamentally unfair." *United States v. Baston*, 818 F.3d 651, 669 (11th Cir. 2016) (quotation omitted). A defendant challenging the facial validity of a statute must show that "no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

Exercising its authority under the Piracies and Felonies Clause, U.S. Const. art. I, § 8, cl. 10, Congress enacted the MDLEA to define and punish felonies committed on the high seas. *United States v. Campbell*, 743 F.3d 802, 805 (11th Cir. 2014). The MDLEA prohibits, among other offenses, conspiracy to possess with intent to distribute a controlled substance while on board "a vessel subject to the jurisdiction of the United States." 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b). Its provisions apply even when the defendant's offense was "committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b).

The MDLEA describes a number of circumstances in which a vessel is subject to the jurisdiction of the United States, including when it is "a vessel without nationality." *Id.* § 70502(c)(1)(A). A vessel without nationality includes "a vessel aboard which the master or individual in charge fails, on request of an

5

officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel." *Id.* § 70502(d)(1)(B).

Napa Moreira asserts that the MDLEA is unconstitutional because it does not require the government to prove that the defendant had "minimum contacts" with, and committed an offense that has a "nexus" to, the United States.  Because we have previously rejected this argument, Napa Moreira's challenge fails under plain-error review.

In *Campbell*, we held that "the conduct proscribed by the [MDLEA] need not have a nexus to the United States because universal and protective principles support its extraterritorial reach."  743 F.3d at 810.  We explained that the Piracies and Felonies Clause empowers Congress to prosecute crimes committed on the high seas and, given that trafficking narcotics is "condemned universally by law-abiding nations," it is not "fundamentally unfair" to punish those who traffic drugs on the high seas. *Id.* (quotation omitted).  We further stated that the prosecution of a foreign national for "drug trafficking aboard [a] stateless vessel[ ] on the high seas" is not prohibited by the Due Process Clause, as the MDLEA "provides clear notice that all nations prohibit" such conduct. *Id*. at 812.

Here, Napa Moreira fails to demonstrate that the absence of a "minimum contacts" or "nexus" requirement in the MDLEA violates the Due Process Clause,

6

facially or as applied to his case, under plain-error review.  He points to no precedent from this Court or the Supreme Court applying the "minimum contacts" standard to the MDLEA and concedes that his "nexus" claim is foreclosed by our precedent.  Moreover, he fails to demonstrate that the MDLEA is unconstitutional as applied to him, given that his presence aboard a stateless vessel is sufficient to confer extraterritorial jurisdiction, and we do not require the government to show that his offense had a nexus to the United States.

## IV

Napa Moreira next argues that § 70502(d)(1)(B) of the MDLEA violates the Fifth Amendment's constitutional guarantees as applied in *Miranda v. Arizona*, 384 U.S. 436 (1966).  Asserting that those aboard a vessel intercepted by the United States are "in custody" for purposes of *Miranda*, Napa Moreira argues that the absence of any standards in the MDLEA that require federal officials to provide a *Miranda* warning violates the Fifth Amendment.  He contends that the lack of standards governing an official's request for a claim of nationality or registry, including a requirement that the official apprise a crew member of the legal consequences of his failure to respond, is also unconstitutional, given that the crew member's response may subject him to prosecution in the United States.

To the extent that Napa Moreira asserts that the MDLEA is unconstitutional as applied to the facts of his case, his claim is waived by his guilty plea.  *See Class*

7

*v. United States*, 138 S. Ct. 798, 804–05 (2018).  In addition, the assertion that § 70502(d)(1)(B) is facially unconstitutional in light of *Miranda* fails under plain-error review.  *See Wright*, 607 F.3d at 715. Napa Moreira does not point to any precedent from this Court or the Supreme Court holding that a federal official's request for a claim of nationality or registry constitutes a custodial interrogation. *See Vereen*, 920 F.3d at 1312.

In fact, although we have not considered a constitutional challenge to any provision of the MDLEA, including § 70502(d)(1)(B), on the basis that it violates the Fifth Amendment privilege against self-incrimination as applied in *Miranda*, our prior precedent still forecloses his facial challenge.  "This [C]ircuit has long recognized that the Coast Guard's routine stop, boarding and inspection of an American vessel on the high seas does not normally rise to the level of custodial detention thus requiring *Miranda* warnings."  *United States v. Rioseco*, 845 F.2d 299, 302–03 (11th Cir. 1988) (per curiam).  The Court in *Rioseco*, for example, concluded that the defendant was not in custody for purposes of *Miranda* when Coast Guard officers, having probable cause, initially boarded the vessel and ordered the crew members to remain in a particular area of the boat.  *Id.* at 303.  It determined that an ordinary man would not believe that he was in custody, given that the officers did not tell the defendant "that he was in custody or under arrest" and their conduct "was simply routine procedure in a usual boarding action."  *Id.*

8

## V

Finally, Napa Moreira argues that § 70502(d)(1)(B) of the MDLEA does not put ordinary people, such as those interdicted on the high seas, on notice that they may be subject to the jurisdiction of, and prosecution within, the United States, and is therefore unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Napa Moreira abandoned any argument that § 70502(d)(1)(C) is unconstitutionally vague because he failed to properly raise it in his initial brief. *United States v. Britt*, 437 F.3d 1103, 1104–05 (11th Cir. 2006) (per curiam). Napa Moreira's reference § 70502(d)(1)(C) in a footnote within a separate argument section in his initial brief is not sufficient to "plainly and prominently" raise a challenge to the constitutionality of that provision. *See Brown v. United States*, 720 F.3d 1316, 1332 (11th Cir. 2013) (quotation omitted).

In addition, Napa Moreira cannot show plain error, as he points to no binding precedent from this Court or the Supreme Court that supports his assertion. *See Wright*, 607 F.3d at 715; *Vereen*, 920 F.3d at 1312. Furthermore, this Court has repeatedly rejected constitutional vagueness challenges to the jurisdictional provisions in the MDLEA's predecessors, as well as due process claims regarding the exercise of extraterritorial jurisdiction under the MDLEA. *See, e.g.*, *Campbell*,

743 F.3d at 810–12; *United States v. Marino-Garcia*, 679 F.2d 1373, 1383–84

(11th Cir. 1982).  His argument therefore fails.

**AFFIRMED.**