[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15447

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00692-CV-T-30TGW

JULIE AMANDA TILTON, an individual,

Plaintiff-Appellant,

versus

PLAYBOY ENTERTAINMENT GROUP, INC.,
a Delaware corporation, et al.,

Defendants,

DESLIN HOTELS, INC., a Florida corporation,
d.b.a. Desert Inn Resort & Suites Convention Complex,
PAUL A. PREWITT, individually and as the last
director and officer of Florida File & Photo,
Inc., a dissolved Florida corporation,
BV & BK PRODUCTIONS, LLLP, a Florida limited
liability partnership,
f.k.a. BV & BK Productions LLP,
d.b.a. Wett-Shirt.Tv,
d.b.a. Avsimperium.com,
f.k.a. BV4Free.com,
d.b.a. Bikinivoyeur.com,
CHAD W. CIANI,
DENNIS B. DEVLIN,
IRENE L. DEVLIN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(January 15, 2009)**

Before BLACK, PRYOR and COX, Circuit Judges.

PRYOR, Circuit Judge:

This appeal concerns whether videos and photographs of Julie Amanda Tilton participating in activities during spring break in Daytona Beach, Florida, when she was seventeen years and ten months old, involve "sexually explicit conduct." 18 U.S.C. § 2251(a). Tilton filed a civil complaint of sexual exploitation of a minor against promoters and photographers of the activities. We must determine whether the district court erred when it granted summary judgment against Tilton and in favor of the owners of the hotel that promoted and hosted the activities. We conclude that the district court did not err because Tilton did not produce substantial evidence that the videos and photographs depict sexually explicit conduct. We also must determine whether the district court erred when it granted summary judgment against Tilton and in favor of a photographer who captured images of Tilton and displayed them on a website. We conclude that the district court did not err because Tilton did not present substantial evidence that the

2

photographer knew that Tilton was a minor when he displayed images on the website. Although we affirm the summary judgments in favor of the owners of the hotel and the photographer who displayed images of Tilton on a website, we conclude that the district court abused its discretion when it failed to explain its refusal to award attorney's fees to Tilton against a default judgment debtor. We affirm in part, vacate in part, and remand for further proceedings.

## I. BACKGROUND

Julie Amanda Tilton traveled to Daytona Beach, Florida, for her high school spring break in March 2001, when she was seventeen years and ten months old. 18 U.S.C. § 2256(1) ("minor" defined as "any person under the age of eighteen years"). Tilton stayed with several friends in a room at the Desert Inn Resort Motel. The Desert Inn was owned by Deslin Hotels, Incorporated, and managed by Irene L. Devlin and Dennis B. Devlin, owners of Deslin Hotels.

During her stay at the Desert Inn, Tilton participated in several activities with sexual themes. Tilton participated in two wet T-shirt contests, which were observed by a crowd of 300 to 400 people, many of whom had video cameras. Tilton also participated in a "banana sucking contest," a "muff eating contest," and a "sexual positions" contest.

Deslin hired a company to provide a disc jockey for the contests in which

3

Tilton participated and also to film the activities. The company used its recordings to produce a promotional video for Deslin. Paul Prewitt also recorded video footage of the contests, which appeared in commercial video products unrelated to Deslin's promotional video.

While in Daytona Beach, Chad Ciani, owner of BV & BK Productions, LLLP, heard an advertisement of the wet T-shirt contests at the Desert Inn. Ciani went to the Desert Inn, observed the contests, and took photographs. In April 2001, Ciani posted these photographs, as well as video footage of the contests that he obtained from another observer, on his website, www.bikinivoyeur.com, which provided paying subscribers with "access to pictures and video images documenting various public events such as spring break activities, wet t-shirt contests, bikini contests and other events."

On April 11, 2005, Tilton sued several defendants, including Deslin, Ciani, and Prewitt. Tilton amended her complaint in June 2006 and alleged that each defendant engaged in activities related to the sexual exploitation of a minor. Tilton alleged that Deslin induced her to engage in "sexually explicit conduct" for the "purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). Tilton alleged that Ciani knowingly distributed in interstate or foreign commerce visual depictions "of a minor engaging in sexually explicit conduct." 18 U.S.C. §

4

2252(a). Tilton also alleged that Ciani knowingly distributed or reproduced for distribution "child pornography." 18 U.S.C. § 2252A(a). Tilton alleged that Prewitt violated all three statutes.

The district court granted summary judgment against Tilton and in favor of Deslin and Ciani and entered a default judgment against Prewitt and in favor of Tilton. The district court granted summary judgment in favor of Deslin because the court concluded that Tilton had not produced any evidence that she engaged in "sexually explicit conduct." The district court granted summary judgment in favor of Ciani because the court concluded that Tilton had not produced evidence that Ciani knew that Tilton was a minor while images of Tilton remained on Ciani's website. The district court entered a final default judgment against Prewitt and granted Tilton the minimum "actual damages" prescribed by the statute, but the court denied Tilton's request for attorney's fees.

## II. STANDARDS OF REVIEW

Two standards of review govern this appeal. "We review a grant of summary judgment <u>de novo</u>, drawing all reasonable inferences in favor of the nonmoving party." <u>Boim v. Fulton County Sch. Dist.</u>, 494 F.3d 978, 982 (11th Cir. 2007). "We review an award of attorneys' fees for an abuse of discretion." <u>Mut. Serv. Ins. Co. v. Frit Indus., Inc.</u>, 358 F.3d 1312, 1322 (11th Cir. 2004).

5

## III. DISCUSSION

Our discussion is divided in three parts. First, we address whether the district court erred when it granted summary judgment in favor of Deslin. Second, we address whether the district court erred when it granted summary judgment in favor of Ciani. Third, we address whether the district court abused its discretion when it declined to award attorney's fees against Prewitt.

### A. The District Court Did Not Err When It Granted Summary Judgment in Favor of Deslin.

Tilton argues that the district court erred when it granted summary judgment in favor of Deslin for three reasons. First, Tilton argues that she presented substantial evidence that Deslin induced her to engage in sexually explicit conduct. Second, Tilton argues that she presented substantial evidence that Deslin used her to induce other people to engage in sexually explicit conduct. Third, Tilton argues that she presented substantial evidence that Deslin created an atmosphere that it knew would be conducive to sexually explicit conduct that others might photograph.

These arguments fail. Tilton's first argument fails because Tilton has not produced any evidence that she engaged in sexually explicit conduct. Tilton's second and third arguments fail because Tilton misreads the statute upon which she bases her complaint.

### 1. Tilton Has Not Produced Substantial Evidence that She Engaged in Sexually Explicit Conduct.

Tilton argues that she presented substantial evidence that Deslin induced her to engage in sexually explicit conduct. Tilton had to prove that Deslin induced, employed, used, or persuaded her to engage in sexually explicit conduct for the purpose of producing any visual depiction of that conduct. 18 U.S.C. § 2251(a). "Sexually explicit conduct" is defined as "actual or simulated–"

> (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
> (ii) bestiality;
> (iii) masturbation;
> (iv) sadistic or masochistic abuse; or
> (v) lascivious exhibition of the genitals or pubic area of any person

18 U.S.C. § 2256(2)(A).

Tilton alleged that Deslin produced images that violated sections 2256(2)(A)(i) and 2256(2)(A)(v). The district court ruled that Tilton's participation in the contests did not involve simulated sexual intercourse, under section 2256(2)(A)(i), because Tilton's conduct did not create "the realistic impression of an <u>actual</u> sex act," and that the evidence did not depict lascivious exhibition of Tilton's genitals, under section 2256(2)(A)(v). Tilton challenges both rulings.

We agree with the district court that Tilton's conduct must have created

7

the realistic impression of an actual sex act to constitute simulated sexual

intercourse. "The starting point for interpreting a statute is the language of the

statute itself." AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.,

508 F.3d 995, 999 (11th Cir. 2007) (internal quotation marks omitted). The

district court relied on the Merriam-Webster Online Dictionary, which defines

"simulated" as "made to look genuine." Merriam-Webster Online Dictionary,

http://www.merriam-webster.com/dictionary (last visited Dec. 9, 2008). To the

extent that any ambiguity exists in the plain language of the term "simulated,"

our interpretation is guided by the doctrine of constitutional doubt, which

instructs us to construe a statute that is "genuinely susceptible to two

constructions" in favor of the construction that avoids "a serious likelihood that

the statute will be held unconstitutional." United States v. Stone, 139 F.3d 822,

836 (11th Cir. 1998) (per curiam) (internal quotation marks omitted). Other

courts have recognized, and we agree, that a definition of "simulated sexual

intercourse" broader than an act that creates the appearance of actual sexual

intercourse would create constitutional doubt. See New York v. Ferber, 458

U.S. 747, 764–65, 102 S. Ct. 3348, 3358 (1982); Giovani Carandola, Ltd. v.

Fox, 470 F.3d 1074, 1079–80 (4th Cir. 2006). We agree with the Fourth Circuit

that an act "only constitutes simulated sexual intercourse . . . if it creates the

8

realistic impression of an <u>actual</u> sexual act." <u>Giovani,</u> 470 F.3d at 1080.

The district court did not err when it ruled that Tilton's conduct did not create the realistic impression of an actual sex act. Tilton does not contest the finding of the district court that in "all images and video clips, both [Tilton] and her male counterpart were wearing bathing suits which at all times covered their genitals." Those images do not create the appearance of actual sexual intercourse.

Tilton also failed to present evidence that Deslin engaged in lascivious exhibition of her genitals. Tilton argues that because the district court concluded that the images displayed on Ciani's website "were arguably a lascivious exhibition of [Tilton's] genitals," and because the videographer who worked on behalf of Deslin recorded images from the same contests that Ciani recorded, a reasonable juror could conclude that Deslin's promotional video contained lascivious exhibition of Tilton's genitals. We disagree. Deslin must have induced Tilton to engage in sexually explicit conduct "for the purpose of producing any visual depiction of such conduct," 18 U.S.C. § 2251(a), but Tilton concedes that the promotional video produced by Deslin does not contain her image. The district court correctly concluded that the video did not contain the lascivious exhibition of Tilton's genitals.

9

2. Evidence that Deslin Used Tilton to Induce Other People to Engage in Sexually Explicit Conduct Does Not Create Liability for Deslin.

Tilton argues that the district court erred when it granted summary judgment in favor of Deslin because substantial evidence established that Deslin used her to induce other people to engage in sexually explicit conduct, but her argument is based on a misreading of section 2251(a). That statute creates liability for any person "who has a minor assist any other person to engage in . . . sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). We do not read "assist any other person to engage in . . . sexually explicit conduct" to mean "induce" another person to engage in sexually explicit conduct. Congress used broader language when it created liability for any person "who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . sexually explicit conduct," 18 U.S.C. § 2251(a) (emphasis added), but Congress omitted this language from the clause upon which Tilton relies. To read "assist" to mean "induce" would render the choice of different language by Congress meaningless. See In re Griffith, 206 F.3d 1389, 1393 (11th Cir. 2000).

3. Evidence that Deslin Created an Environment Conducive to Sexually Explicit Conduct that Might Be Recorded Does Not Create Liability for Deslin.

Tilton argues that Deslin created an atmosphere that it knew would be

10

conducive to sexually explicit conduct that others might photograph, but Tilton again misreads section 2251(a).  That statute creates liability for a person who induces a minor to engage in sexually explicit conduct "for the purpose of producing any visual depiction of such conduct."  18 U.S.C. § 2251(a) (emphasis added).  This mens rea requirement defeats Tilton's theory of liability.  "Purpose" refers to the desire that a particular result will occur.  United States v. Campa, 529 F.3d 980, 1009–10 (11th Cir. 2008).  Tilton's theory confuses "purpose" with "knowledge," which appears elsewhere in the statute and refers to a person's understanding that a particular result "is substantially certain to occur, whatever his desire concerning that result."  Id. at 1010 (internal quotation marks omitted).  Tilton has presented no evidence that Deslin induced her to engage in sexually explicit conduct for the purpose of producing any visual depiction of that conduct.

B.  *The District Court Did Not Err When It Granted Summary Judgment In Favor of Ciani.*

Tilton argues that the district court erred when it granted summary judgment in favor of Ciani for three reasons.  First, Tilton argues that whether Ciani timely removed her images from his website after learning that she was a minor when the contests occurred is not a defense to liability under sections 2252(a) and 2252A(a).  Second, Tilton argues that if timely removal of her

11

images is a defense, a material question of fact exists as to whether Ciani timely removed her images. Third, Tilton argues that Ciani violated sections 2252(a) and 2252A(a) even if he did not have actual knowledge of Tilton's age when he posted her images on his website because Ciani was deliberately ignorant of Tilton's age. All three arguments fail.

Tilton argues that timely removal is only a limited affirmative defense to liability under sections 2252(a)(4) and 2252A(a)(5), but the decision of the district court was not based on this affirmative defense. The district court correctly ruled that Tilton had to prove that Ciani "transported, received, distributed, or reproduced for distribution a visual depiction knowing, at the time of the transport, receipt, distribution or reproduction, that said depiction contained images of a minor engaging in sexually explicit conduct." 18 U.S.C. §§ 2252(a), 2252A(a). The district court also correctly ruled that the scienter requirement found in sections 2252(a) and 2252A(a) extends both to the sexually explicit nature of the material and to the age of the performer. See United States v. X-Citement Video, Inc., 513 U.S. 64, 78, 115 S. Ct. 464, 472 (1994); United States v. Acheson, 195 F.3d 645, 653 (11th Cir. 1999), overruled on other grounds by Ashcroft v. Free Speech Coal., 535 U.S. 234, 258, 122 S. Ct. 1389, 1406 (2002). The district court granted summary

judgment in favor of Ciani because the court concluded that there was no evidence that images of Tilton remained on Ciani's website after Ciani learned that Tilton was a minor when she participated in the contests.

Tilton also argues that a material question of fact exists as to whether Ciani timely removed her images from his website, but Tilton failed to present evidence that Ciani knew that Tilton was a minor before she filed her lawsuit or that images of Tilton remained on Ciani's website after she filed her lawsuit. Tilton concedes that she cannot produce evidence that Ciani was informed of her age or likeness before the filing of her complaint. The district court did not err when it concluded that knowledge of Tilton's age cannot be imputed to Ciani. We agree with the district court that the "pictures in question do not depict anyone with the obvious appearance of a minor" and that no jury "could reasonably conclude from observation of the pictures themselves that any of the participants were minors." The district court also did not err when it concluded that Tilton had not produced evidence that her images remained on Ciani's website after Tilton filed her lawsuit. Although Tilton produced evidence that her images remained on Ciani's website sometime in 2005, Tilton failed to present evidence that the images remained on Ciani's website after Tilton filed her complaint on April 11, 2005.

Tilton also argues that Ciani violated sections 2252(a) and 2252A(a) even if he did not have actual knowledge of Tilton's age when he posted her images on his website because Ciani was deliberately ignorant of Tilton's age, but this argument fails. "We have long recognized that the knowledge element of a . . . statute can be proved by demonstrating either actual knowledge or deliberate ignorance." United States v. Hristov, 466 F.3d 949, 952 (11th Cir. 2006) (internal quotation marks omitted). Knowledge through deliberate indifference occurs where a party acts "with an awareness of the high probability of the existence of the fact in question." Id. at 952–53 (internal quotation marks omitted). We cannot say that Ciani was aware of a high probability that Tilton was a minor when he observed Tilton, who was seventeen years and ten months old and looked like an adult, participate in sexually-themed contests where alcohol was served.

## C. The District Court Did Not Sufficiently Explain Its Decision Not To Award Tilton Attorney's Fees Against Prewitt.

Tilton argues that the district court abused its discretion when it declined to award her attorney's fees against Prewitt, but we cannot meaningfully review that decision. Section 2255(a) provides that a minor victim injured by conduct prohibited by sections 2251 and 2252 "shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee."

14

18 U.S.C. § 2255(a).  Although an award of attorney's fees is ordinarily a matter for the discretion of the district court, Frit, 358 F.3d at 1322, an order on attorney's fees must allow meaningful review.  Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).  "A district court should be mindful of its obligation to produce an order on attorneys fees that allows for 'meaningful review' by articulating the decisions made and supplying principled reasons for those decisions."  Id. at 428.  The district court granted Tilton the minimum "actual damages" prescribed by section 2255(a), but the court stated without further discussion that "[Tilton's] request for attorneys' fees is DENIED."  Because the district court did not articulate the reasoning behind its decision to deny Tilton's request for attorney's fees, we remand to the district court to make appropriate factual findings or to provide a reason for declining to award attorney's fees.  This remand is unlimited; that is, we do not retain jurisdiction over this case.

## IV.  CONCLUSION

The summary judgment in favor of Deslin and Ciani is **AFFIRMED.** The denial of Tilton's request for attorney's fees is **VACATED** and **REMANDED** for further proceedings.

15