(Slip Opinion) Cite as: 598 U. S. ____ (2023) 1

Per Curiam

NOTICE: This opinion is subject to formal revision before publication in the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

# SUPREME COURT OF THE UNITED STATES
_____

No. 21–1333
_____

## REYNALDO GONZALEZ, ET AL., PETITIONERS *v.* GOOGLE LLC

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[May 18, 2023]

PER CURIAM.

In 2015, ISIS terrorists unleashed a set of coordinated attacks across Paris, France, killing 130 victims, including Nohemi Gonzalez, a 23-year-old U. S. citizen.[1] Gonzalez's parents and brothers then sued Google, LLC, under 18 U. S. C. §§2333(a) and (d)(2), alleging that Google was both directly and secondarily liable for the terrorist attack that killed Gonzalez.[2] For their secondary-liability claims,

_____

[1] "ISIS" is shorthand for the Islamic State of Iraq and Syria. In some form or another, it has been designated a Foreign Terrorist Organization since 2004; ISIS has also been known as the Islamic State of Iraq and the Levant, al Qaeda in Iraq, and the al-Zarqawi Network.

[2] Title 18 U. S. C. §2333(a) provides: "Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees." Section 2333(d)(2) provides: "In an action under subsection (a) for an injury arising from an act of international terrorism committed, planned, or authorized by an organization that had been designated as a foreign terrorist organization under section 219 of the Immigration and Nationality Act (8 U. S. C. 1189), as of the date on which such act of international terrorism was committed, planned, or authorized, liability may be asserted as to any person who aids and

plaintiffs alleged that Google aided and abetted and conspired with ISIS. All of their claims broadly center on the use of YouTube, which Google owns and operates, by ISIS and ISIS supporters.

The District Court dismissed plaintiffs' complaint for failure to state a claim, though it offered plaintiffs leave to amend their complaint. Instead, plaintiffs stood on their complaint and appealed, and the Ninth Circuit affirmed in a consolidated opinion that also addressed *Twitter*, *Inc.* v. *Taamneh*, ___ U. S. ___ (2023). 2 F. 4th 871 (2021). With respect to this case, the Ninth Circuit held that most of the plaintiffs' claims were barred by §230 of the Communications Decency Act of 1996, 110 Stat. 137, 47 U. S. C. §230(c)(1). The sole exceptions were plaintiffs' direct- and secondary-liability claims based on allegations that Google approved ISIS videos for advertisements and then shared proceeds with ISIS through YouTube's revenue-sharing system. The Ninth Circuit held that these potential claims were not barred by §230, but that plaintiffs' allegations failed to state a viable claim in any event.

We granted certiorari to review the Ninth Circuit's application of §230. See 598 U. S. ___ (2022). Plaintiffs did not seek review of the Ninth Circuit's holdings regarding their revenue-sharing claims. In light of those unchallenged holdings and our disposition of *Twitter*, on which we also granted certiorari and in which we today reverse the Ninth Circuit's judgment, it has become clear that plaintiffs' complaint—independent of §230—states little if any claim for relief. As plaintiffs concede, the allegations underlying their secondary-liability claims are materially identical to those at issue in *Twitter*. See Tr. of Oral Arg. 58. Since we hold that the complaint in that case fails to state a claim for aiding and abetting under §2333(d)(2), it appears to follow

————————
abets, by knowingly providing substantial assistance, or who conspires with the person who committed such an act of international terrorism."

Per Curiam

that the complaint here likewise fails to state such a claim. And, in discussing plaintiffs' revenue-sharing claims, the Ninth Circuit held that plaintiffs plausibly alleged neither that "Google reached an agreement with ISIS," as required for conspiracy liability, nor that Google's acts were "intended to intimidate or coerce a civilian population, or to influence or affect a government," as required for a direct-liability claim under §2333(a). 2 F. 4th, at 901, 907. Perhaps for that reason, at oral argument, plaintiffs only suggested that they should receive leave to amend their complaint if we were to reverse and remand in *Twitter*. Tr. of Oral Arg. 58, 163.

We need not resolve either the viability of plaintiffs' claims as a whole or whether plaintiffs should receive further leave to amend. Rather, we think it sufficient to acknowledge that much (if not all) of plaintiffs' complaint seems to fail under either our decision in *Twitter* or the Ninth Circuit's unchallenged holdings below. We therefore decline to address the application of §230 to a complaint that appears to state little, if any, plausible claim for relief. Instead, we vacate the judgment below and remand the case for the Ninth Circuit to consider plaintiffs' complaint in light of our decision in *Twitter*.

*It is so ordered.*