# SUPREME COURT OF THE UNITED STATES

JOHN DOE, THROUGH NEXT FRIEND JANE ROE *v.* SNAP, INC., DBA SNAPCHAT, L.L.C., DBA SNAP, L.L.C.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 23–961.   Decided July 2, 2024

The petition for a writ of certiorari is denied.

JUSTICE THOMAS, with whom JUSTICE GORSUCH joins, dissenting from the denial of certiorari.

When petitioner John Doe was 15 years old, his science teacher groomed him for a sexual relationship. The abuse was exposed after Doe overdosed on prescription drugs provided by the teacher. The teacher initially seduced Doe by sending him explicit content on Snapchat, a social-media platform built around the feature of ephemeral, self-deleting messages. Snapchat is popular among teenagers. And, because messages sent on the platform are self-deleting, it is popular among sexual predators as well. Doe sued Snapchat for, among other things, negligent design under Texas law. He alleged that the platform's design encourages minors to lie about their age to access the platform, and enables adults to prey upon them through the self-deleting message feature. See Pet. for Cert. 14–15. The courts below concluded that §230 of the Communications Decency Act of 1996 bars Doe's claims. 47 U. S. C. §230. The Court of Appeals denied rehearing en banc over the dissent of Judge Elrod, joined by six other judges. 88 F. 4th 1069 (2023).

The Court declines to grant Doe's petition for certiorari. In doing so, the Court chooses not to address whether social-media platforms—some of the largest and most powerful companies in the world—can be held responsible for their own misconduct. Section 230 of the Communications

Decency Act states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." §230(c)(1).  In other words, a social-media platform is not legally responsible as a publisher or speaker for its users' content.

Notwithstanding the statute's narrow focus, lower courts have interpreted §230 to "confer sweeping immunity" for a platform's own actions. *Malwarebytes, Inc.* v. *Enigma Software Group USA, LLC*, 592 U. S. ___, ___ (2020) (statement of THOMAS, J., respecting denial of certiorari) (slip op., at 1).  Courts have "extended §230 to protect companies from a broad array of traditional product-defect claims." *Id*., at ___–___ (slip op., at 8–9) (collecting examples).  Even when platforms have allegedly engaged in egregious, intentional acts—such as "deliberately structur[ing]" a website "to facilitate illegal human trafficking"—platforms have successfully wielded §230 as a shield against suit. *Id.,* at ___ (slip op., at 8); see *Doe* v. *Facebook*, 595 U. S. ___, ___ (2022) (statement of THOMAS, J., respecting denial of certiorari) (slip op., at 2).

The question whether §230 immunizes platforms for their own conduct warrants the Court's review.  In fact, just last Term, the Court granted certiorari to consider whether and how §230 applied to claims that Google had violated the Antiterrorism Act by recommending ISIS videos to YouTube users.  See *Gonzalez* v. *Google LLC*, 598 U. S. 617, 621 (2023).  We were unable to reach §230's scope, however, because the plaintiffs' claims would have failed on the merits regardless.  See *id.*, at 622 (citing *Twitter, Inc.* v. *Taamneh*, 598 U. S. 471 (2023)).  This petition presented the Court with an opportunity to do what it could not in *Gonzalez* and squarely address §230's scope.

Although the Court denies certiorari today, there will be other opportunities in the future.  But, make no mistake about it—there is danger in delay.  Social-media platforms

have increasingly used §230 as a get-out-of-jail free card. Many platforms claim that users' content is their own First Amendment speech. Because platforms organize users' content into newsfeeds or other compilations, the argument goes, platforms engage in constitutionally protected speech. See *Moody* v. *NetChoice*, 603 U. S. \_\_\_, \_\_\_ (2024). When it comes time for platforms to be held accountable for their websites, however, they argue the opposite. Platforms claim that since they are *not* speakers under §230, they cannot be subject to any suit implicating users' content, even if the suit revolves around the platform's alleged misconduct. See *Doe*, 595 U. S.*,* at \_\_\_–\_\_\_ (statement of THOMAS, J.) (slip op., at 1–2). In the platforms' world, they are fully responsible for their websites when it results in constitutional protections, but the moment that responsibility could lead to liability, they can disclaim any obligations and enjoy greater protections from suit than nearly any other industry. The Court should consider if this state of affairs is what §230 demands. I respectfully dissent from the denial of certiorari.