[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-10338

————————————————

M.H.,
J.H.,
On behalf of their minor child, C.H.,

Plaintiffs-Appellants,

*versus*

OMEGLE.COM LLC,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-00814-VMC-TGW

———————————————

Before LAGOA, BRASHER, and ED CARNES, Circuit Judges.

PER CURIAM:

The facts of this appeal underscore that the internet in general and social media in particular pose grave risks to children. When C.H. was eleven years old, a stranger connected with her through Omegle.com, an online social media platform that places people in video chatrooms. The stranger then tricked and threatened C.H. into making child pornography. Unfortunately, this problem is not unique to Omegle.com. Our precedents reflect that child predators use many other online platforms to find and exploit their victims. *See, e.g.*, *United States v. Woodson*, 30 F.4th 1295, 1307 (11th Cir. 2022) (affirming the conviction and sentence of a criminal who used social media to identify and abuse hundreds of girls).

Through her parents, C.H. sued Omegle.com LLC. She alleged that Omegle.com violated 18 U.S.C. § 2255, known as "Masha's Law," by knowingly possessing child pornography. She also sued Omegle.com for violating the Trafficking Victims Protection Reauthorization Act, which forbids knowingly benefitting from participation in a sex trafficking venture. *See* 18 U.S.C. §§ 1591, 1595. The district court dismissed her claims under section 230 of the Communications Decency Act of 1996. That section provides that for purposes of civil liability, "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by" a user. 47 U.S.C. § 230(c)(1)).

C.H.'s appeal presents two questions of statutory interpretation. First, we must decide whether she stated a claim under Masha's Law for the knowing possession of child pornography. We conclude that she has not. Second, we must decide whether C.H. can bring her sex trafficking claim because of an exception to section 230 under the Fight Online Sex Trafficking Act ("FOSTA"). We believe she cannot. The FOSTA exception applies only to conduct that meets the standard for criminal liability for sex trafficking. *See Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137 (9th Cir. 2022). Here, C.H. does not plausibly allege that Omegle.com had actual knowledge that it benefited from sex trafficking, which is the standard for criminal liability. Accordingly, we affirm the district court.

## I.

The facts of this appeal are nothing short of horrific. M.H. and J.H. are suing on behalf of their minor child C.H. When C.H. was eleven years old, a stranger, who we will call "John Doe," sexually exploited her when she accessed Omegle.com, an online platform and the defendant in this lawsuit.

Omegle.com is a website that randomly connects people through video chatrooms. Its tagline is "Omegle: Talk to strangers!" Omegle.com does not require that its users provide personal identifying information to join, instead designating the chatroom users as "You," "Stranger 1," or "Stranger 2." Users can thus chat with strangers with complete anonymity. Omegle.com does not restrict children from using the site, nor does it request parental consent.

In March 2020, C.H. accessed Omegle.com from her laptop and was matched with an anonymous "capper," John Doe. Cappers are predators who exploit children into performing sexual acts over live web feeds while recording. In the chatroom, John Doe's half of the screen was completely black and began displaying text. He told C.H. that he knew where she lived, providing her exact geolocation, and threatened to hack her and her family's electronics if she did not remove her clothing and do what he said. C.H. fearfully pleaded with John Doe, but ultimately complied. John Doe took screenshots and recorded the interaction. C.H. told her parents, who immediately contacted the police.

C.H.'s parents thereafter sued Omegle.com for (1) knowingly possessing child pornography and (2) knowingly benefitting from participation "in what it knew or should have known" was a sex trafficking venture, among other claims. C.H.'s parents brought the child pornography claim under 18 U.S.C. § 2255, which provides a civil cause of action for victims of child pornography. And they brought the sex trafficking claim under a federal law that provides sex trafficking victims a civil remedy against their traffickers and those who profit from trafficking. *See* 18 U.S.C. §§ 1591, 1595.

C.H.'s parents allege that Omegle.com knowingly possessed child pornography and participated in a sex trafficking venture through John Doe's interaction with C.H. because "the use of Omegle's website by predators has become known to the public and to the Company itself." Specifically, they allege that "Omegle

has been mentioned in numerous criminal cases across the country after individuals were arrested for possessing and promoting child pornography" and "has been contacted by individuals . . . investigating crimes committed in these cases," which "indicates that Omegle has full knowledge of the extent to which its website is used to sexually target, groom, exploit, and abuse children like C.H." And, they reason, "The disclaimers on Omegle.com indicate that Omegle knows about the improper, illegal, and illicit use of its website."

Omegle.com moved to dismiss the claims against it, and the district court granted its motion. The court determined that section 230 immunized Omegle.com from each of C.H.'s parents' claims as an interactive computer service that C.H.'s parents sought to hold accountable for the actions of John Doe, its user. Section 230 provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." Communications Decency Act of 1996, Pub. L. 104-104, Title V, § 509, 110 Stat. 137 (1996) (codified at 47 U.S.C. § 230(c)(1)). An interactive computer service is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server," e.g., a website or an online platform. 47 U.S.C. § 230(f)(2). The court further concluded that the sex trafficking claim failed to meet the FOSTA exception to section 230 because C.H.'s parents did not "allege Omegle's actual knowledge or overt participation in the underlying incident with John Doe" sufficient to "satisfy an exception to immunity."

This appeal followed.

## II.

We review *de novo* a district court's order granting dismissal under Federal Rule of Civil Procedure 12(b)(6), accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015). To survive dismissal, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.* (internal quotation omitted). Similarly, "'a formulaic recitation of the elements of a cause of action' is not adequate to survive a Rule 12(b)(6) motion to dismiss." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

We also review *de novo* a district court's interpretation of a statute as a question of law. *Wiersum*, 785 F.3d at 485.

## III.

To recap, the district court held that section 230 immunity applies to C.H.'s parents' claims against Omegle.com because Omegle.com is an interactive computer service provider and each claim seeks to hold Omegle.com accountable as a speaker or publisher of information that was provided by its user, John Doe. It also held that C.H.'s parents cannot invoke the FOSTA exception

to section 230 immunity for their sex trafficking claim because they failed to allege that Omegle.com had actual knowledge of or overtly participated in the underlying incident.

The court did not reach Omegle.com's argument that section 230(e)(1)'s exception to section 230 immunity allowing criminal prosecutions of crimes relating to sexual exploitation of children does not save C.H.'s parents' civil child pornography claim. It also did not consider Omegle.com's arguments that setting section 230 aside, the complaint fails to plausibly allege the child pornography claim as well as certain state law claims.

C.H.'s parents argue that the district court erred in dismissing two of their claims.[1] First, they contend that they sufficiently stated a claim against Omegle.com for knowingly possessing child pornography. Because this claim alleges criminal conduct, C.H.'s parents argue that it falls outside the scope of section 230 immunity, either under the text of 47 U.S.C. § 230(e)(1) or because child pornography is speech unprotected by the Constitution. Second, C.H.'s parents argue that their sex-trafficking claim is saved from dismissal by 47 U.S.C. § 230(e)(5). They argue that they sufficiently stated a civil sex trafficking claim under this FOSTA exception to section 230 and contend that the district court erred in ruling that the FOSTA exception to section 230 requires a defendant's actual

---

[1] C.H.'s parents make a cursory argument in their reply brief that their state law claims were improperly dismissed. Appellants may not raise issues for the first time in a reply brief. *See United States v. Britt*, 437 F.3d 1103, 1104 (11th Cir. 2006).

knowledge, rather than constructive knowledge, to prevail on a sex trafficking claim. We address each argument in turn. Because we conclude that C.H.'s parents have not stated a claim against Omegle.com for the possession of child pornography, we need not consider whether the child pornography claim falls under section 230(e)(1)'s exception to section 230 immunity. As for their arguments related to their sex trafficking claim, we agree with the district court that to invoke the FOSTA exception to section 230 immunity a plaintiff must plausibly allege actual knowledge of the underlying incident and that C.H.'s parents failed to allege actual knowledge.

C.H.'s parents do not earnestly dispute that Omegle.com meets the criteria for a section 230 defense from its sex trafficking claim, i.e., that Omegle.com is an interactive computer service and that their claim seeks to hold Omegle.com accountable as the "publisher" of John Doe's recordings. Accordingly, we are not asked to resolve, and do not resolve, whether C.H.'s parents' claims against Omegle.com fall within the ambit of section 230.[2] Likewise, we do not consider whether C.H.'s parents plausibly alleged their state law claims.

---

[2] C.H.'s parents argue for the first time in their reply brief that their claims do not treat Omegle.com as the "publisher" of third-party content because Omegle.com allegedly played an "active role" in pairing C.H. with John Doe in the chatroom. Again, appellants may not raise issues for the first time in a reply brief. *See Britt*, 437 F.3d at 1104. Accordingly, we do not reach this question.

*A.*

We start with C.H.'s parents' claim related to child pornography under 18 U.S.C. § 2255. Congress enacted 18 U.S.C. § 2255, known as "Masha's Law," in 2005 to address the "lack [of] effective remedies under Federal law" for victims of child pornography. *Stephens v. Clash*, 796 F.3d 281, 285 (3d Cir. 2015) (internal quotation omitted). Masha's Law provides a civil remedy for "[a]ny person who, while a minor, was a victim of a violation of" various sections of Title 18 prohibiting sexual exploitation of children. *See* 18 U.S.C. § 2255. One predicate offense under Masha's Law is 18 U.S.C. § 2252A(a)(5)(B), which proscribes "knowingly" possessing any material containing child pornography. Thus, child pornography victims may seek civil relief against anyone who knowingly possessed or accessed pornographic pictures of them. *See* 18 U.S.C. § 2255.

We conclude that C.H.'s parents did not sufficiently state a claim under Masha's Law. The second amended complaint says that "Omegle is a website that enables individuals to communicate with random individuals across the world anonymously via text and video." To that end, Omegle.com places users in either text or video chat rooms. Omegle.com joined C.H. and John Doe in a video chat room and, during that video chat, John Doe "took explicit screen grabs of" C.H., which he later "shared . . . online." In a conclusory fashion, the complaint alleges that "Omegle violated the federal child pornography crime found at 18 U.S.C. § 2252A(a)(5)(B) which provides that any person commits a federal

crime who . . . knowingly possesses, or knowingly accesses with intent to view, any [...] material that contains an image of child pornography."

We cannot say the second amended complaint plausibly alleges that Omegle.com possessed, or had knowledge it possessed, child pornography. A complaint must contain "sufficient factual matter" to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The complaint fulsomely recounts John Doe's conduct in creating, accessing, and distributing child pornography, but it does not make comparable factual allegations about Omegle.com. Instead, C.H.'s parents allege that Omegle.com allowed its "website to become a means of online child exploitation despite the risk to children like C.H." C.H.'s parents allege that, because child exploitation on Omegle.com is so pervasive, the company knew that people like John Doe would exploit its technology to connect with minors for the purposes of recording images of child pornography. Despite this knowledge, Omegle.com "paired C.H. with a stranger knowing that C.H. was a minor child at risk of becoming a victim of child pornography."

These are disturbing allegations, but they are insufficient to state a claim against Omegle.com for possessing child pornography. First, the operative complaint does not allege that Omegle.com ever possessed or accessed the images that John Doe recorded. In fact, the complaint does not allege that Omegle.com even had the ability to access its user's recordings in general or John

Doe's recordings of C.H. in particular. Second, and relatedly, there are no allegations that would support the conclusion that Omegle.com *knowingly* possessed or accessed John Doe's recording *knowing* it was child pornography. We have held that liability under section 2252A requires a finding that the defendant knowingly possessed sexually explicit material and had knowledge that the subject of the material was a minor. *See Tilton v. Playboy Ent. Grp., Inc.*, 554 F.3d 1371, 1378 (11th Cir. 2009). But there are no factual allegations that suggest that Omegle.com knew it possessed John Doe's recording of C.H. or knew anything about the content of that recording.

C.H.'s parents rely on *Doe #1 v. MG Freesites, LTD*, No. 7:21-CV-00220-LSC, 2022 WL 407147 (N.D. Ala. Feb. 9, 2022), in which a district court denied a motion to dismiss a claim under Masha's Law. But we think comparing this case to *MG Freesites* underscores that C.H.'s parents have not sufficiently alleged possession or knowledge. There, the plaintiffs alleged that users "uploaded" child pornography videos to a website that itself "generated 'thumbnail' preview images from those videos," which allowed users to view the videos on the website. *Id.* at *21. As the district court explained, the plaintiffs also alleged that the defendants "actively control which videos are posted," "review every video," "retitle videos indicating [child pornography] but leave the videos available for distribution," and "create and suggest tags indicating [child pornography] for uploaders to use." *Id.* C.H.'s parents have not made similar allegations that Omegle.com hosted, maintained, reviewed,

distributed, made available, modified, or accessed the screenshots that John Doe created of C.H. or any similar videos or pictures.

Because we conclude that C.H.'s parents have not stated a claim under Masha's Law against Omegle.com for the possession of child pornography, we do not reach Omegle.com's argument that it has a defense to such a claim under section 230. *See Gonzalez v. Google LLC*, 598 U.S. 617, 622 (2023) ("declin[ing] to address the application of § 230 to a complaint that appears to state little, if any, plausible claim for relief").

*B.*

Having addressed C.H.'s parents' child pornography claim, we turn now to their contention that the district court erroneously dismissed their sex trafficking claim. Omegle.com argues that it is entitled to immunity for this claim under section 230. C.H.'s parents argue that their claim fits within the FOSTA exception to section 230 found at 47 U.S.C. § 230(e)(5)(A).

The FOSTA exception provides that nothing in section 230 "shall be construed to impair or limit any claim in a civil action brought under section 1595 if the conduct underlying the claim constitutes a violation of section 1591 of that statute." 47 U.S.C. § 230(e)(5)(A). C.H.'s parents argue the district court erred by granting Omegle.com's motion to dismiss on the ground that they failed to "allege Omegle's actual knowledge or overt participation in the underlying incident with John Doe" sufficient to "satisfy an exception to immunity." They argue both that this standard—

actual knowledge—does not apply and that, if it does, their allegations satisfy it.

We disagree. We hold that the FOSTA exception to section 230 for civil sex trafficking claims requires that plaintiffs allege and prove actual knowledge. And we conclude that C.H.'s allegations do not meet that standard. We address each issue in turn.

1.

We will start with the proper interpretation of FOSTA. In 2018, Congress passed FOSTA to provide relief for sex trafficking victims and increase the responsibility of online intermediaries by creating new federal crimes and new enforcement mechanisms. Pub. L. No. 115-164, 132 Stat. 1253 (2018). One innovation of FOSTA is that it amended section 230 to except sex trafficking claims from section 230 immunity. *Id*. § 4(a), 132 Stat. at 1254 (codified as amended at 47 U.S.C. § 230(e)(5)).

When Congress enacted FOSTA, sex trafficking was already a federal crime under section 1591 of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), and victims could pursue civil remedies under section 1595. *See* 18 U.S.C. §§ 1591, 1595. But courts had held that sex trafficking victims could not seek civil relief against online platforms under section 230, even though they could against other defendants, such as hotels. *See Backpage.com*, 817 F.3d at 24, *superseded by statute*, 47 U.S.C. § 230(e)(5)(A). FOSTA made clear that section 230 does not preclude civil actions by sex trafficking victims under section 1595 or criminal prosecution under section 1591. 47 U.S.C. § 230(e)(5)(A), (B).

Importantly, the TVPRA's criminal provision, section 1591, is different from the civil provision, section 1595. The criminal provision of the TVPRA makes it a crime to "knowingly" benefit from "participation in a venture," which it defines as "knowingly assisting, supporting, or facilitating" a child to engage in a commercial sex act. 18 U.S.C. § 1591(a), (e). The civil provision, on the other hand, can be satisfied by an element of *constructive* knowledge—that a defendant knowingly benefited from "participation in a venture which that person knew or *should have known*" was engaged in sex trafficking. *Id.* § 1595(a) (emphasis added); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724 (11th Cir. 2021) (explaining the difference between the criminal provision and the civil provision).

The FOSTA exception to section 230 incorporates both the civil and criminal provisions of the TVPRA. It says that nothing in section 230 "shall be construed to impair or limit any claim in a civil action brought under section 1595 if the conduct underlying the claim constitutes a violation of section 1591 of that statute." 47 U.S.C. § 230(e)(5)(A). The question before us is whether the latter phrase—"if the conduct underlying the claim constitutes a violation of section 1591"—imposes on claims under the FOSTA exception the actual knowledge standard from section 1591, rather than the constructive knowledge standard from section 1595.

We conclude it does. When words of a statute are unambiguous, we begin and end our interpretation with the plain meaning of the statutory language. *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001). "The rule is that 'we must

presume that Congress said what it meant and meant what it said.'" *Id.* (quoting *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc)).

The phrase "constitutes a violation of section 1591" is not ambiguous. The most straightforward reading is that FOSTA permits civil sex trafficking claims against online platforms only when a platform's conduct violates the criminal TVPRA provision. 47 U.S.C. § 230(e)(5)(A). The criminal TVPRA provision requires that the defendant benefited from participating in a venture that it knew was engaging in sex trafficking. 18 U.S.C. § 1591; *Red Roof Inns*, 21 F.4th at 724. Therefore, the language of the FOSTA exception itself establishes that a civil TVPRA claim can avoid section 230 immunity only when the plaintiff alleges facts that the defendant had actual knowledge, not merely constructive knowledge, of sex trafficking.

One could argue that the second phrase of the FOSTA exception is best read to limit the exception in another way. Some courts have noted that section 1595 authorizes lawsuits for other, non-sex-trafficking activities, such as slavery and forced labor. *See* 18 U.S.C. § 1595(a). They say that the best reading of the phrase is just that the FOSTA exception applies only to sex trafficking and not the other kinds of claims that section 1595 authorizes. *See, e.g.*, *Doe v. Twitter, Inc.*, 555 F. Supp. 3d 889, 920–21 (N.D. Cal. 2021), *abrogated by Reddit*, 51 F.4th at 1141.

We disagree. No doubt, one consequence of FOSTA's reference to section 1591 is that it limits the exception to sex trafficking.

But we see no basis to hold that this limitation is the only effect of the unambiguous language Congress chose. Had Congress wanted to limit the FOSTA exception in a more modest manner, it could have written that section 230 does not limit a claim "under section 1595 [*by a victim of a violation of*] Section 1591." Instead, it requires that "*the conduct* underlying the claim" constitute a violation of section 1591. We must presume Congress said what it meant. *CBS Inc.*, 245 F.3d at 1222.

When the words of a statute are unambiguous, our analysis ends with the text itself. But for those who find legislative history useful, we note that the drafting history of FOSTA unequivocally supports our conclusion that it incorporates the criminal liability standard from section 1591. An earlier version of FOSTA provided that nothing in section 230 "shall be construed to impair the enforcement or limit the application of . . . section 1595 of title 18, United States Code. . . ." Allow States and Victims to Fight Online Sex Trafficking Act of 2017, H.R. 1865, 115th Cong. § 3(a)(2)(C) (as introduced in the House, Apr. 3, 2017). But the current language was introduced after several legislative hearing participants raised concerns about exposing online platforms to liability under section 1595's constructive knowledge standard. *See, e.g.*, *The Stop Enabling Sex Traffickers Act of 2017: Hearing on S. 1693 Before the S. Comm. on Com., Sci., & Transp.*, 115 Cong. 35–36 (2017) (statement of Abigail Slater, General Counsel, Internet Association); *id.* at 7, 9, 41 (statements of Sen. Rob Portman, Sen. Richard Blumenthal, and Sen. Tammy Duckworth). After the change, the original sponsor of the House bill urged her colleagues to revert to the more expansive

constructive knowledge standard. *See The Latest Developments in Combating Online Sex Trafficking: Hearing Before the Subcomm. on Commc'ns & Tech. of the H. Comm. on Energy & Com.*, 115 Cong. 14 (2017) (statement of Rep. Ann Wagner, Member, H. Comm. on Energy & Com.). But Congress passed the modified language, allowing a civil remedy only to the extent "the conduct underlying the claim constitutes a violation" of section 1591. § 4(a), 132 Stat. at 1254.

Our holding that the FOSTA exception to section 230 requires proof of actual knowledge comports with the Ninth Circuit's decision in *Reddit*, 51 F.4th at 1143. There, the Ninth Circuit addressed a slightly different question: to whose conduct does FOSTA refer to when it requires that "the conduct underlying the claim constitutes a violation of Section 1595"? *Id.* at 1141. The plaintiffs argued FOSTA requires that *someone's* conduct violated section 1591 (the criminal TVPRA provision), but not necessarily the interactive computer service's conduct. *Id.* Accordingly, the plaintiffs argued that they stated a plausible claim against Reddit.com for civil relief under section 1595 because the "conduct underlying the claim"—i.e., the conduct of Reddit users who intentionally posted explicit photos—violated section 1591. *Id.* The Ninth Circuit disagreed, holding that the plaintiffs "must plausibly allege that the website's own conduct violated section 1591." *Id.* The court concluded, "FOSTA requires that a defendant-website violate the criminal statute by directly sex trafficking or, *with actual knowledge*, 'assisting, supporting, or facilitating' trafficking, for the immunity exception to apply." *Id.* at 1145 (emphasis added).

FOSTA's imposition of an actual knowledge standard places a higher burden on sex trafficking victims seeking civil relief against interactive computer services than those seeking relief against other kinds of defendants. *See, e.g.*, *Red Roof Inns*, 21 F.4th at 724 (holding that the constructive knowledge standard applies to a claim against a hotel chain for civil liability under section 1595). But section 230 immunity presumes that we should treat interactive computer services differently than other companies. In any event, if the FOSTA exception to section 230 is too narrow to accomplish its goal, "this is a flaw, or perhaps a feature, that Congress wrote into the statute, and is not one we can rewrite by judicial fiat." *Reddit*, 51 F.4th at 1145.

2.

Having established that a claim for civil relief under FOSTA's exception to section 230 requires a plaintiff to establish actual knowledge, we now address whether C.H.'s parents' second amended complaint plausibly alleges that Omegle.com benefited from participating in a venture that it had actual knowledge was engaged in sex trafficking.

To answer this question, we again apply the well-worn *Twombly*/*Iqbal* standard. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint

that provides only "a formulaic recitation of the elements of a cause of action" is not adequate to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). And factual allegations that are "'merely consistent with' a defendant's liability" fall short of being facially plausible. *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim for relief under the FOSTA exception to section 230 immunity, a plaintiff must allege facts sufficient to conclude that the conduct underlying the claim plausibly violates section 1591. *See* 47 U.S.C. § 230(e)(5)(A). As we have discussed, section 1591 criminalizes "knowingly" assisting, supporting, or facilitating sex trafficking—i.e., using force, threats of force, fraud, or coercion to cause a child or adult to engage in a commercial sex act. 18 U.S.C. § 1591(a). The district court determined that the second amended complaint failed to "allege Omegle's actual knowledge or overt participation in the underlying incident with John Doe" sufficient to "satisfy an exception to immunity." We agree.

The second amended complaint alleges Omegle.com "knowingly benefited from participation in what it knew or should have known was a sex trafficking venture in violation of 18 U.S.C. §§ 1591(a)(2) and 1595(a)" and "knowingly benefited from, and/or received value for participation in the venture in which Defendant knew C.H. would be forced to engage in commercial sexual acts

while under the age of 18 years old." These accusations state the elements for sex trafficking under section 1595 and may also be construed to state a claim for criminal sex trafficking under 1591. But they are not factual allegations plausibly suggesting that Omegle.com had actual knowledge of C.H. or her interaction with John Doe. "Formulaic recitations" such as this do not sufficiently state a claim for relief. *See Twombly*, 550 U.S. at 555.

Instead of knowledge, the second amended complaint alleges that Omegle.com was negligent. Omegle.com allegedly knows that predators use its services, which allow them to target children for sexual abuse and exploitation. Nonetheless, Omegle.com allegedly enables individuals to communicate with complete anonymity, does not require age verification or parental consent for minor users, and does not sufficiently protect users' data. These allegations taken as true may sufficiently allege that Omegle.com *should have known* (i.e., constructive knowledge) that John Doe would use its website to victimize C.H. But the law demands more than constructive knowledge.

Accordingly, C.H.'s parents have failed to state a claim that Omegle.com's conduct violates 18 U.S.C. § 1591. Thus, they do not state a plausible claim for relief under the FOSTA exception to section 230.

## IV.

The district court is **AFFIRMED.**

22-10338   LAGOA, J., concurring in part and dissenting in part        1

LAGOA, Circuit Judge, concurring in part and dissenting in part:

I concur in part and dissent in part.  I agree with the majority that C.H.'s parents forfeited the argument that their claims do not treat Omegle as a "publisher" under 47 U.S.C. § 230(c)(1) because they failed to raise it in their initial brief.  And I agree with the majority's holding that C.H.'s parents failed to state a claim under the FOSTA exception to Section 230 because they did not allege Omegle's actual knowledge of, or active participation in, the sex-trafficking venture at issue here.  However, I part ways with the majority's conclusion that C.H.'s parents failed to state a claim under 18 U.S.C. § 2255 ("Masha's Law") for the knowing possession of child pornography.  As the majority recognizes, the district court dismissed this claim on Section 230 immunity grounds alone and thus did not address whether the second amended complaint plausibly alleged the child-pornography claim.  Because the district court could have found that C.H.'s parents stated a claim under Masha's Law on a theory of deliberate ignorance, I would reverse and remand on that issue.

The majority concludes that C.H.'s parents failed to state a claim under Masha's Law because the second amended complaint did not adequately allege that Omegle possessed, or had knowledge that it possessed, child pornography.  According to the majority, the second amended complaint contains only "conclusory" allegations regarding Omegle's violation of 18 U.S.C. § 2252A(a) (a predicate offense under Masha's Law) and contains "no allegations that would support the conclusion that Omegle.com

2    LAGOA, J., concurring in part and dissenting in part 22-10338

knowingly possessed or accessed John Doe's recording knowing it was child pornography." Maj. Op. at 11 (emphasis omitted). I disagree.

As the majority explains, this Court held in *Tilton v. Playboy Entertainment Group, Inc.*, 554 F.3d 1371, 1378 (11th Cir. 2009) that liability under § 2252A(a) requires a finding that the defendant knowingly possessed sexually explicit material and had knowledge of the age of the subject. But *Tilton* "recognized that the knowledge element of [§ 2252A(a)] can be proved by demonstrating either actual knowledge or deliberate ignorance." 554 F.3d at 1378 (quoting *United States v. Hristov*, 466 F.3d 949, 952 (11th Cir. 2006)). "Knowledge through deliberate indifference occurs where a party acts 'with an awareness of the high probability of the existence of the fact in question.'" *Id.* (quoting *Hristov*, 466 F.3d at 952–53). This "deliberate indifference" rule exists to prevent a party who has had his "suspicion aroused but then deliberately omits to make further enquiries[ ] because he wishes to remain in ignorance" from skirting liability. *Hristov*, 466 F.3d at 952 (internal quotations omitted).

In this case, C.H.'s parents alleged that Omegle knew that its website was used by children and knew that it had been misused by sexual predators to groom and sexually abuse children. C.H.'s parents further alleged that "[t]he use of the Omegle.com website for advertising, creating, posting, and sharing child sex abuse material was so pervasive . . . that it cannot be said that such conduct was so unforeseen so as to prevent the Omegle defendants from

22-10338  LAGOA, J., concurring in part and dissenting in part      3

being vicariously liable for such conduct."  And they alleged that the myriad "allegations involving Omegle by those who target children for sexual abuse, pornography, and exploitation, the resulting media coverage, and the arrests and convictions of predators using Omegle.com to exploit victims" all indicate "that Omegle has full knowledge of the extent to which its website is used to sexually target, groom, exploit, and abuse children like C.H."  According to C.H.'s parents, Omegle actively advertises its site to children but "does nothing to properly verify users' ages or prevent the use of Omegle.com by minors."  In my view, these allegations could have been sufficient for the court to find that C.H.'s parents stated a claim under § 2252A(a) on a theory of deliberate ignorance.

True, the second amended complaint does not use the term "deliberate ignorance" or "deliberate indifference."  But Rule 8 does not require incantation of specific words.  *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114–15 (D.C. Cir. 2000) (under Rule 8, "complaints need not plead law" (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*,  550 U.S. 544, 570 (2007) (to survive a motion to dismiss, a complaint need only plead "enough facts to state a claim to relief that is plausible on its face").  On the contrary, it is our obligation, in reviewing a district court's order granting a motion to dismiss under Rule 12(b)(6), to construe all allegations in the light most favorable to the plaintiff.  *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015).  Drawing all reasonable inferences in favor of C.H.'s parents here, the district court could have concluded that the complaint does enough to state a plausible claim for relief.  Specifically, the plaintiffs alleged (and we accept as

4    LAGOA, J., concurring in part and dissenting in part 22-10338

true) that Omegle knows that its website is frequented by minors. They also alleged that the use of Omegle.com for child sex abuse material is pervasive, and that Omegle has been contacted by individuals representing exploited children or by law enforcement investigating crimes committed in these cases. A district court could find, based on these allegations, that Omegle was deliberately ignorant to the fact that John Doe's recording of C.H. contained sexually explicit material and deliberately ignorant as to C.H.'s minor status.

The majority reasons that the plaintiffs' allegations are insufficient because the second amended complaint did not allege that Omegle had the ability to access its user's recordings in general or John Doe's recordings of C.H. in particular. Maj. Op. at 10. I think this asks too much. Not only does a complaint attacked by a Rule 12(b)(6) motion to dismiss not need "detailed factual allegations," but it needs only "enough fact to raise a reasonable expectation that discovery *will reveal* evidence" of the defendant's liability. *Twombly*, 550 U.S. at 555–56 (emphasis added). In other words, at the pleading stage, we cannot demand that a plaintiff provide detailed factual matter that may or may not have yet been revealed through the process of discovery. It may be that, ultimately, the plaintiffs in this case would not have been able to prevail on a theory of deliberate indifference. But a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. at 556. Here, the district court could have concluded that C.H.'s parents plausibly alleged knowledge for purposes of the predicate

22-10338   LAGOA, J., concurring in part and dissenting in part      5

offense.  At the very least, I would leave it to the district court to determine whether the plaintiffs' allegations satisfied the knowledge requirement of § 2252A(a)(5)(B) based on a deliberate-indifference standard.  *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 609 (11th Cir. 1991) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976))).

For these reasons, I respectfully dissent as to the majority's conclusion that C.H.'s parents failed to state a claim against Omegle for the possession of child pornography.  I would thus affirm the district court's dismissal of the FOSTA claim but reverse and remand as to the Masha's Law claim.  Because the district court never decided whether C.H.'s parents plausibly alleged the claim, it would be up to the district court, on remand, to decide that issue in the first instance.